MAGNOLIA PETROLEUM COMPANY *v.* FREUDENBERG.

Opinion delivered April 20, 1925.

1. APPEAL AND ERROR—OBJECTION TO INSTRUCTION NOT RAISED BELOW.—Objection to an instruction that it submitted an issue not set forth in the complaint will not be considered on appeal where it was not raised in the court below, and where specific objection to the instruction was taken on another ground.

2. APPEAL AND ERROR—INSTRUCTION—GENERAL OBJECTION.—A general objection to an instruction that is substantially correct, though not well worded, will not be considered.

3. TRIAL—ABSTRACT INSTRUCTION.—In an action for damages for injury to plaintiff's engine, caused by the alleged negligence of defendant's agent in making a test of lubricating oil in an engine, an instruction which submitted the question whether the test was made upon condition that plaintiff's cylinders and piston rings were in good condition was properly refused where there was no evidence that the test was made upon any condition.

Appeal from Arkansas Circuit Court; *George W. Clark,* Judge; affirmed.

*Cockrill & Armistead* and *John W. Newman,* for appellant.

McCULLOCH, C. J. Appellee instituted this action against appellant to recover damages on account of injury to an engine owned by appellee, it being alleged that the injury was caused by negligence of appellant's agent in making a test of lubricating oil in the operation of the engine. Appellee alleged in his complaint that he was a rice grower, and was operating an engine in pumping water to flood the rice crop; that appellant's agent approached him, soliciting an order for a certain kind of lubricating oil put on the market by appellant, and induced appellee to permit a test of the oil. He alleged that he permitted the agent of appellant to make the test,

and that the agent was guilty of negligence in failing to give a sufficient flow of oil while the engine was running, thereby causing the cylinders and pistons to become scored.   Appellee claimed damages for the cost of repairing the engine and for the usable value of the engine during the delay in making the repairs, and also claimed damages for injury to crops, the total amount of damages being the sum of $1,800.   On the trial of the cause the court excluded from the consideration of the jury the element of injury to the rice crop, and submitted the cause on the question of damages for cost of repairs to the engine and the usable value of the engine during the period of delay.   Appellant denied the allegations of the complaint with respect to negligence in making the test.

It is undisputed that appellee was operating his engine for the purpose of pumping water, and that appellant's agent, Mr. Van Hutches, solicited the purchase of oil, and asked permission to make a test of appellant's lubricating oil so as to demonstrate that the engine could be operated more economically with that oil than with any other.   Appellant, through its agent, claimed that it had a very superior lubricating oil with a paraffine base, especially suitable for engines of that type, though not such as could be properly used in an ordinary automobile or tractor.   Appellee agreed for the test to be made, and Mr. Van Hutches, with two other employees who accompanied him to appellee's farm, began making observations as to the operations of the engine then being lubricated with an oil which appellee was then using—a kind different from that offered for sale by appellant. These observations continued from early in the morning to shortly after the noon hour, when the oil then in use was withdrawn and the test was begun by use of the oil furnished by appellant.   Van Hutches proposed to appellee that the engine be shut down so that the pistons and cylinders could be examined, but appellee declined to permit that to be done, for the reason that there was an urgent need for water on his rice crop.   He assured Van Hutches, however, that the pistons and cylinders and pis-

ton rings were in good condition, and, with this assurance, Van Hutches proceeded with the test. He put the new oil in and adjusted it down to the lowest estimated amount necessary to lubricate the engine as the test progressed. This was all done in the presence of appellee, but, after the new oil was put into the engine, he decided to take a walk out through his rice field to look after the ditches, and he testified that, after he had gone a short distance, he looked back and saw black smoke coming from the exhaust of the engine, and he knew that there was something wrong. He immediately returned to the scene of the operations, and found that the engine was knocking very badly. Efforts were made to correct this trouble, without avail, and appellee testified that the engine was not fit to run any more until he had it overhauled, and it was found that the piston rings were stuck and that the pistons and cylinders were badly scored. The testimony of appellee was to the effect that the engine had been thoroughly overhauled, a short time before he began operating it for the season, and that it was in perfect condition, and ran without any apparent defects until it began knocking after Van Hutches put in the new oil. He testified that, as soon as he returned from the field and found that the engine was knocking badly, he made an examination and saw that the lubrication had been reduced after he had left the scene, and that this was done without his knowledge or consent; that he removed the plates and exposed the pistons and found the pistons scored and burned a sort of bluish-yellowish tinge. He said he did not realize at the time the full extent of the injury to the engine, but afterwards found out when he called in a repair man. He testified that, in operating the engine, he usually adjusted the oil pressure so as to give from 96 to 108 drops to each cylinder per minute, and that 52 drops per minute was too low to sufficiently lubricate the cylinders and pistons.

Van Hutches and other witnesses for appellant testified substantially the same as appellee with respect to the preliminary negotiations between the parties and the

progress of the test.   There was no substantial conflict
in the testimony of appellee and Van Hutches as to what
occurred between them.   Van Hutches testified that he
requested appellee to shut down the engine so that the
condition of the pistons and cylinders could be examined,
and that appellee assured him that the engine was abso-
lutely clean and "in good mechanical condition, the rings
not stuck, and free of carbon."   He testified further that
he would not have made a demonstration on an engine
that was not clean and in good running order.   He also
testified that he reduced the lubrication down to 52 drops
to each of the cylinders.   Other witnesses testified that,
with the use of that oil, an engine of that kind in good
running order could be sufficiently lubricated with as
low a pressure as 42 drops to the cylinder.

The testimony introduced by appellee showed that it
cost $700 to replace the damaged cylinders and pistons.
The jury awarded damages to appellee in the sum
of $567.

Error of the court is assigned in giving an instruction
submitting to the jury the issue of alleged negligence
on the part of appellant's agent in improperly making the
test and in using unsuitable oil.   It is contended that
the question of suitability of the oil should not have been
submitted.   It is true that there was no direct testimony
to the effect that the oil was unsuitable, and there was no
allegation in the complaint as to negligence in that
regard, but the instruction was to some extent ambiguous
as to the submission of that issue—it being merely paren-
thetically inserted in the instruction—and there was no
specific objection on that ground.   There was, however,
a specific objection on another ground.   We think that
appellant is not in an attitude to complain now of the
instruction on that ground.   That instruction was given
orally, and, if it was thought at the time that it sub-
mitted an issue not set forth in the complaint, there
should have been a specific objection calling the court's
attention to it.

It is also claimed that the language of the instruction assumed that the agent of appellant was negligent and that unsuitable oil was used, but we do not think that the language is open to that criticism.

The next assignment of error relates to the giving of instruction No. 4, which reads as follows:

"There is some testimony here, gentlemen of the jury, relative to the representations claimed to have been made by the plaintiff to the agents of the defendant company as to the condition of the engine just prior to the test. It is admitted, as I recall the testimony, that the plaintiff, Freudenberg, represented that the engine was in proper mechanical condition and free of carbon, and the agent of defendant company relied upon these representations, and made the test without making the necessary examination to ascertain the truthfulness of such representations. If you find that such representations were made, and, whether believed in or not upon the part of the defendant, and if the evidence discloses that the engine was not in proper mechanical condition, that it was not free of carbon and other injurious substances, that would not relieve the defendant of liability in this case, if liability has been established, unless such representations were the cause of the defendant assuming to make this test, and, relying upon the representations, caused the injuries complained of, if any, to the engine of the plaintiff."

The objection to this instruction was general, and no defects in form or phraseology were specifically pointed out. The substance of the criticism of the instruction now is that it submitted the issue whether or not appellant's agent relied on the representations made to the agent concerning the condition of the engine, whereas it is claimed that the testimony is undisputed that the agent did so rely. Counsel are in error as to the substance of the instruction, for it did not in fact submit the issue whether or not such representations were relied on. The effect of this instruction was merely to tell the jury that, even if misrepresentations were made

and relied on, it would not be a defense unless the representations were the cause of defendant assuming to make the test, and the reliance upon those representations caused the injury complained of. This was just another way of saying that the representations as to the condition of the engine were not material unless they induced the test, which would not otherwise have been made, and that the misrepresented mechanical condition of the engine was the cause of the injury. The instruction is not well worded so as to accurately express the idea which the trial court appears to have intended to convey to the jury, but there should have been a specific objection.

It is next contended that the court erred in refusing to give the following instruction requested by appellant:

"No. 6. If you find from the evidence that the defendant consented to make the test or demonstration of its oil in plaintiff's engine only upon the condition that the plaintiff's cylinders and piston rings should be in good condition, and that plaintiff knew such conditions upon which defendant only would make such test or demonstration, and if you further find that the defendant asked permission of the plaintiff, before such test or demonstration, to make internal examination of the engine to ascertain whether such conditions existed, and if you find that the plaintiff forbade such internal examination, and if you find that plaintiff assured defendant that he knew of the internal conditions of his engine, and if you find that plaintiff assured defendant that the engine was in condition specified in the conditions aforesaid, and that plaintiff so represented, for the purpose of inducing defendant to make such test, then you are instructed that the defendant was justified in relying upon such representation of plaintiff, if plaintiff did so represent and if defendant did rely thereon; and if you further find that the engine was not in the condition specified above, and that if the engine had been in such condition, the oil of the grade and quantity used by the

defendant would not have injured the engine, then you will find for the defendant.''

Appellant would have been entitled to an instruction stating the converse of the principles of law announced in appellee's instruction No. 4, but the trouble with instruction No. 6, requested by appellant, is that it incorrectly submits the question whether or not appellant's agent ''consented to make the test or demonstration of its oil in plaintiff's engine only upon the condition that the plaintiff's cylinders and piston rings should be in good condition.'' Now, there is no testimony that the test was made upon any condition at all. There is testimony that appellee made representations concerning the mechanical condition of the engine, and the jury might have found that the injury resulted from the poor condition of the engine rather than from the quality or quantity of the oil used. But neither of the witnesses who testified on this subject stated that the test was made upon express condition as to the condition of the engine. The jury would not have been warranted in finding that there was a condition expressed in the agreement between the parties concerning the test, though the undisputed evidence shows that there were representations made on that subject, and the jury might have found that the representations were not true. Of course, the testimony adduced by appellee tended to show that the engine was in good condition up to the time appellee's agent put the new oil in, and we must treat the verdict as a finding in the affirmative on that question.

The assignments of error argued in the brief are not well taken, and it follows that the judgment must be affirmed, and it is so ordered.