GIBSON OIL COMPANY v. SHERRY.

Opinion delivered February 21, 1927.

1. EXPLOSIVES—DUTY IN USE OF GASOLINE.—One handling gasoline who fails to use a degree of care to prevent its escape proportionate to the danger therefrom is liable for any resulting injury, provided the person suffering the injury, either in person or property, is free from contributory negligence.

2. EXPLOSIVES—NEGLIGENTLY PERMITTING ESCAPE OF GASOLINE.—The negligence of employees of a filling station, allowing gasoline to

run into the street, *held* the proximate cause of the destruction by fire of plaintiff's automobile, caused by a match thrown into the street by plaintiff, thereby igniting the gasoline stream.

3. EXPLOSIVES—CONTRIBUTORY N E G L I G E N C E—JURY QUESTION.— Whether plaintiff was guilty of contributory negligence in throwing a lighted match into the street, which ignited a stream of gasoline, negligently allowed to flow there, and burned plaintiff's automobile, *held* under the evidence for the jury.

4. APPEAL AND ERROR—GENERAL OBJECTION TO INSTRUCTION.—Where no specific objection was made to an instruction on the ground that it did not limit the jury's consideration to acts of negligence causing the injury complained of, appellant cannot complain on that ground on appeal.

Appeal from Pulaski Circuit Court, Second Division; *Richard M. Mann,* Judge; affirmed.

### STATEMENT OF FACTS.

M. J. Sherry sued the Gibson Oil Company to recover the sum of $500, alleged to be the value of an automobile which was negligently destroyed by fire while at one of the filling stations of the defendant. The defendant denied negligence on its part, and pleaded contributory negligence on the part of the plaintiff as a defense to the action.

M. J. Sherry was a witness for himself. According to his testimony, he took his car to the filling station of the defendant, at Fifteenth and Gaines Street, in the city of Little Rock, and had it filled with gasoline. He then started home, and, after going a short distance, his car stopped. He called a mechanic, who informed him that the fluid which had been sold him was not gasoline. The mechanic towed the plaintiff's car back to the filling station at Fifteenth and Gaines Streets. The defendant's employees in charge of the filling station took off a nut underneath the gasoline tank and began draining the gasoline on the concrete floor of the filling station. The gasoline flowed on the floor into the gutter on Fifteenth Street, about twenty feet away. Sherry knew they were draining the gasoline out of the tank of his car, but did not know that it would run out across the sidewalk into the gutter. While the gasoline was being

drained out of the tank, Sherry walked out on the sidewalk, and lit his pipe with a match. He then threw the lighted match into the street, and it ignited the gasoline. The flame followed the track of the flowing gasoline, and burned up his car, which was worth $500.

According to the testimony of several witnesses for the defendant, the plaintiff knew that the gasoline was being drained out of the tank of his car on to the concrete floor of the filling station. The employees were draining the tank of his car for the purpose of refilling it with gasoline. The plaintiff told them that it was not necessary to get a container to drain the gasoline in, for the reason that it would not burn if set on fire. The plaintiff then struck a match, and ignited the gasoline which was flowing from the tank on to the concrete floor of the filling station. The flame followed the track of the flowing gasoline, and burned up his car.

The jury returned a verdict for the plaintiff in the sum of $500, and, from the judgment rendered, the defendant has duly prosecuted an appeal to this court.

*W. R. Donham,* for appellant.

*Robert L. Rogers* and *Sam Robinson,* for appellee.

HART, C. J., (after stating the facts). The main reliance of counsel for the defendant for a reversal of the judgment is that the evidence is not legally sufficient to support the verdict. In making this contention counsel insists that the court should have declared as a matter of law that the plaintiff was guilty of contributory negligence, and therefore not entitled to recover. This court has held that, in view of the highly dangerous character of gas and its tendency to escape, a gas company must use a degree of care to prevent the escape of gas from its pipes proportionate to the dangers which it is its duty to avoid, and that, if it fails to exercise this degree of care and injury results therefrom, the company is liable, provided the person suffering the injury, either in person or in property, is free from contrib-

utory negligence. *Pulaski Gas Light Co.* v. *McClintock,* 97 Ark. 576, 134 S. W. 1189; and *Little Rock Gas & Fuel Co.* v. *Coppedge,* 116 Ark. 334, 172 S. W. 885. Many other cases from other States are cited in support of the rule in 25 A. L. R. 262.

Gasoline becomes volatile when exposed to the air, and is easily ignited when it comes in contact with a flame. Therefore gasoline is also a highly dangerous substance, and the same rule applies to it as above stated with regard to gas. *Waters-Pierce Oil Co.* v. *Knisel,* 79 Ark. 608, 96 S. W. 342; and *Magnolia Petroleum Co.* v. *Johnson,* 149 Ark. 553, 233 S. W. 680.

When the gasoline was drained from the tank of the plaintiff's car and was allowed to flow on the concrete floor of the filling station, it became exposed to the oxygen of the air and formed a gaseous substance which was easily ignited when a flame was applied to it. The defendant should have drained the gasoline into a container, and not have allowed it to flow across the concrete floor of the filling station into the gutter of the street. This was a highly populous neighborhood, and the defendant should have anticipated that some one passing by might throw a lighted match into the gutter, which would ignite the vapor formed by the gasoline coming in contact with the air and thereby destroy the plaintiff's automobile. Thus it will be seen that the negligence of the defendant was the proximate cause of the destruction of the plaintiff's property.

This brings us to the question of the plaintiff's contributory negligence as a bar to his right to recover. This we regard as a very close question, but, under the circumstances, we do not think the court erred in refusing to declare as a matter of law that the plaintiff was· guilty of contributory negligence. In reaching this conclusion it must be remembered that the jury were the judges of the credibility of the witnesses, and had a right to view the evidence in the light most favorable to the plaintiff, if they believed that he was telling the truth

about the matter. *St. Louis Southwestern Ry. Co.* v. *Ellenwood,* 123 Ark. 428, 185 S. W. 768. The plaintiff denied that he told the employees of the defendant or the persons present that the gasoline which was drained from the tank of his automobile would not burn and that he deliberately stuck the flame of a match to it to demonstrate that it would not burn. On the other hand, he says that he walked out on the sidewalk twenty feet away from his automobile and lit his pipe and threw the lighted match into the street, not anticipating that the defendant's employees would allow the gasoline which was being drained from the tank of his automobile to flow across the sidewalk into the street. Under these circumstances it cannot be said as a matter of law that the plaintiff was guilty of contributory negligence in throwing the lighted match into the street.

The next assignment of error is that the court erred in giving instruction No. 2, which reads as follows: "If you find that the defendant was negligent and that, by virtue of such negligence, the plaintiff's automobile was destroyed, then you must find for the plaintiff, unless you find that the plaintiff was himself negligent and that his negligence contributed to the cause of the damage."

At the request of the defendant the court instructed the jury that, before the plaintiff was entitled to recover, he must prove every material allegation of the complaint by a preponderance of the evidence. Under the allegations of the complaint the negligence of the defendant was substantially as established by plaintiff's own testimony. Hence, if counsel for the defendant thought that the instruction now complained of did not limit the jury to a consideration of such acts of negligence as might have been the proximate cause of the destruction of the automobile, a specific objection should have been made to the instruction. Not having made a specific objection and pointed out wherein it was objectionable, the defendant is not now in an attitude to complain of the action of

the court in giving the instruction. *Pine Bluff & A. R. Ry. Co.* v. *Washington,* 116 Ark. 179, 172 S. W. 872, and *Magnolia Petroleum Co.* v. *Freudenberg,* 168 Ark. 616, 271 S. W. 15.

It follows that the judgment was correct, and will therefore be affirmed.