Turk *v.* Sweeten.

Opinion delivered May 12, 1930.

*Sidney L. Graham* and *Hardin & Barton,* for appellant.

*D. W. Bryan* and *A. N. Hill,* for appellee.

Hart, C. J. Appellant prosecutes this appeal to reverse a judgment against him for damages for negligently injuring appellee while in his employment.

T. W. Sweeten was the principal witness for himself. According to his testimony, at the time he was injured, he was working for the Turk Construction Company, and his occupation was cleaning up the machinery

at night for the next day's work. Appellant was engaged in road construction work, and appellee was employed to clean and grease the machinery, and act as watchman for it during the night. On the night in question, appellee had brought his young son with him to help clean the machinery, and finished his work about 11 o'clock. He went to a place on the premises where there was a ten-gallon can of gasoline and told his boy to hold the lantern while he poured some out for the purpose of washing the grease off his hands. Appellee opened up the ten-gallon can, and was pouring gasoline into another can when the gasoline caught on fire and severely burned him before it could be put out. Appellee had been told to bring his coal oil lantern which he used in his work because one of the electric lanterns owned by appellant was out of fix. The lighted kerosene lantern was three or four feet from the can of gasoline when appellee was pouring it out. Appellee was a farmer, and had seen other employees of the company wash the grease off of their hands with gasoline. He had to use a hammer to knock the top off of the can of gasoline so that he could pour it out. Appellee knew that the ten-gallon can of gasoline was for emergency use in running the engines belonging to the appellant. No one had told him to use the gasoline to wash his hands. Appellee had been accustomed to driving an automobile for four or five years. He was thirty-nine years of age at the time of the accident.

The court erred in not directing a verdict for the appellant. In the first place, it may be said that the appellee's own testimony shows that there was no negligence on the part of appellant. The injury complained of was the result of appellee's own act for his own benefit or convenience, and not in the line of his duty as an employee of appellant. Appellee was employed to clean the machinery at night and to guard it. It was not necessary for him to use gasoline in his work. As a master, the appellant owed no duty to the appellee as a servant while acting outside of the scope of his

employment to instruct and warn him of the dangers incident to the use of gasoline but which were not incident to the work of the appellee. This rule is so well established, and of such universal application, that no citation of authority is necessary to support it. It will be remembered that the gasoline was not escaping, and there was no need for appellee to have opened the can at all. Hence there was no duty on the part of appellant to warn or instruct.

In the second place, the court should have directed a verdict in favor of appellant on the ground that appellee, as a matter of law, was guilty of contributory negligence. Appellee was a man of mature years, and had been driving an automobile for four or five years. It is a matter of common knowledge that gasoline becomes volatile when exposed to the air and is easily ignited when it comes into contact with a flame. *Gibson Oil Co.* v. *Sherry,* 172 Ark. 947. Appellee was using a kerosene lantern in the discharge of his duties, and when he knocked the top off of the gasoline can and started to pour the gasoline out into another can within three or four feet of the lighted lantern, he is charged with knowledge that an explosion would likely occur which would burn him. He is lucky that his burns were only temporary.

It follows that the judgment must be reversed; and inasmuch as the cause of action has been fully developed, it will be dismissed.