HOPKINS *v.* TURNER.

4-4867

Opinion delivered December 20, 1937.

*John W. Nance,* for appellant.

*G. T. Sullins* and *Karl Greenhaw,* for appellee.

BUTLER, J. From a judgment against appellant in favor of appellee for damages for personal injuries in the sum of $500, this appeal is prosecuted. The complaint charged negligence in failing to provide a safe place and tools in the work in which appellee was engaged and in failing to warn appellee of the dangers attendant upon his employment. Among the defenses tendered was appellee's own contributory negligence to the casualty which caused his injury.

The appellee was the principal witness in his own behalf. According to his testimony, he was employed by appellant to work on the yard of appellant's sawmill. He was at that time twenty-five years old and had had no experience in working around machinery of a sawmill. He had worked five or six days before the day he was injured. On that day he was working at stacking lumber when he was told by one, Zimmerman, in charge of the operations of the mill in the absence of appellant, to "off-bear" lumber from a planing machine. He had never worked at one before and was not instructed how to do the work or warned of the dangers incident thereto. He stated that his duty was to take hold of the plank as it came from the planer and remove it. This was "off-bearing." In doing this he would stand back from the planer two or three feet and in that position he was in no danger.

The planing machine consisted of a cylinder in which were imbedded knives projecting outward a certain distance. Over the machine, was a hood which had an opening about four inches wide through which the shavings and wood dust were expelled as the machine operated. The knives could be seen and appellee knew that if his hand came in contact with them he would be cut. As the machine operated, dust and shavings would accumulate on a part of it which projected beyond the orifice from which the sawdust was flying and would blow into appellee's eyes, and, as the dust would accumulate more and more, greater quantities would fly into his face. He had been working at the machine only a short time when he attempted to clean off the sawdust with his hand and the end of the glove which he was wearing came in contact with the knives and his hand was pulled through the opening against them with the result that all the fingers were sheared off so that nothing was left of his hand but the stub and thumb.

No emergency existed requiring appellee to use his hand for the removal of the accumulated dust, and if it inconvenienced him there was no reason why he could not have removed it without putting his hand into the opening where his gloves would come in contact with the knives. It was a careless and thoughtless act and one done without any necessity and which directly contributed to the happening of the injury. Appellee had not been told that it was dangerous to insert his hand into the opening, but it is evident that such warning was unnecessary, for he saw the dangerous situation and shows by his own testimony that he appreciated it.

In the case of *Turk* v. *Sweeten,* 181 Ark. 759, 27 S. W. 2d 1000, an employee was injured by the explosion of gasoline while he was washing his hands in it near a lighted lantern. It was there held that the employee was charged with the knowledge of the dangers incident to this action on his part and that his own negligence contributed to his injury.

Also, in the case of *Standard Oil Company of Louisiana* v. *Gray,* 175 Ark. 702, 300 S. W. 405, (quoting headnote) "one employed as an oil fielder, roustabout, and

gang-pusher, who removed the cap from the air mixer in order to start the gas engine used in operating an oil well, was guilty of contributory negligence, as a matter of law, in bringing his face too near to and over the open mixer in order to pick up and replace the cap, from which position he was injured by the engine's back-firing.'' See, also, *St. Louis-San Francisco Ry. Co.* v. *Rogers,* 172 Ark. 508, 290 S. W. 74; *Ward Ice Co.* v. *Bowers,* 190 Ark. 587, 80 S. W. 2d 641.

Appellee insists that liability attaches and that he is exonerated from the consequence of his own negligent act because he was acting in obedience to the order of his superior when he was injured, and cites the case of *Owosso Mfg. Co.* v. *Drennan,* 182 Ark. 389, 31 S. W. 2d 762, to support this contention. He overlooks, however, the fact that the act which caused his injury was not done in obedience to orders, but of his own volition; he had been ordered to off-bear the lumber and not to clean the machine from accumulated dust. In the case cited, and relied upon by appellee, the identical act which occasioned the injury was done by the order of the foreman. Other cases are cited by appellee which announce the doctrine that it is a question for the jury whether the injured person was guilty of contributory negligence where he was inexperienced and did not realize the dangers in connection with the work and had not been warned regarding them. These cases are not in point because, from appellee's own admissions, the danger in getting his hand too near the revolving knives of the planer was fully known to him.

The appellee is not a person of immature years, is possessed of reasonable intelligence, and was injured because of his own inadvertent act in placing his hand where he knew there was danger without which the injury would not have occurred.

The judgment of the trial court is reversed, and, as the cause appears to have been fully developed, the case is dismissed.