SWAN *v.* ATTAWAY.

4-8164

201 S. W. 2d 27

Opinion delivered April 14, 1947.

*Cecil E. Johnson, Jr.,* for appellant.

*Shaver, Stewart & Jones,* for appellee.

SMITH, J. Appellant Swan filed suit to recover damages for loss by fire of certain garage equipment and other personal property. For his cause of action he alleged that appellee, the defendant, had brought upon appellant's premises a tank, containing gasoline, and had negligently permitted gasoline to escape from the tank, and spread over the concrete floor and negligently permitted said gasoline to become ignited thereby destroying the property, the value of which is here sued for. There was a verdict and judgment for the defendant, from which is this appeal.

Appellant and appellee entered into a verbal contract to the effect' that appellee would furnish for appellant's use in a garage which appellant operated, a five hundred gallon, three and one-half feet by eight feet, galvanized iron gasoline storage tank owned by appellee. The tank had previously been in use and appellee wished to paint it, and to dry it under cover, so he put the tank on the inside of the garage. He took out the foot valve to see what was in the tank, and some gasoline spilled out on the floor. Appellee testified that about a gallon of gasoline ran out and covered about six or seven feet of the concrete floor. According to appellant, as much as two or three gallons ran out and covered a much larger area than that admitted by appellee.

According to appellant's testimony, appellee was smoking a cigarette when he came into the garage, but no one testified that he was smoking at the time the gasoline was ignited. However, appellant testified that appellee admitted the day after the fire that he was to blame, and two witnesses testified that appellee told them that he struck a match to light a cigarette, and that the gasoline went up in flames.

Appellee denied this testimony and stated that he did not strike a match and did not do anything else to set the gasoline afire, although he admitted that he had a cigarette holder in his mouth, but he testified there was

no cigarette in the holder, and that he quite commonly carried a cigarette holder in his mouth which had no cigarette in it. A witness testified that appellee was in one end of the building owned by himself, and that he noticed when he came in that appellee had spilled gasoline on the floor and that about five minutes later he saw fire all over the back end of the building.

Appellant requested the court to give an instruction, numbered one, reading as follows:

"You are instructed that gasoline when exposed to air is volatile and is easily ignited when it comes in contact with a flame of fire. In view of its highly dangerous character it is the duty of every one handling it to use a degree of care to prevent its escape in proportion to the dangers which is his duty to avoid, and failure to use such degree of care is negligence and renders such person liable for consequent damages proximately due thereto.

"So in this case you are instructed that if you find from a preponderance of the evidence that the defendant, M. J. Attaway, negligently permitted or allowed gasoline to escape from his tank and flow over, upon or adjacent to premises occupied by plaintiff as alleged and that such gasoline became ignited (through the negligence of defendant) and thereby destroyed plaintiff's property as alleged, then your verdict should be for the plaintiff."

The court gave the instruction after modifying it by inserting the phrase enclosed in parenthesis reading, "through the negligence of defendant," and an exception was saved to the modification.

The modification is defended upon the ground that its effect was only to require a finding that appellee's negligence had caused the fire. But it does more than that. It will be observed that the modifying phrase immediately follows the phrase, "and that such gasoline became ignited," so that the modification required a finding not only that appellee was negligent in spilling the gasoline, but also that it was ignited through his negligence.

In this connection the court gave, over appellant's objection, an instruction, numbered two, reading as follows:

"You are instructed that you cannot presume negligence on the part of the defendant from the mere facts that he allowed gasoline to pour or escape from the tank which he was installing and that said gasoline caught afire from some cause and that said fire damaged or destroyed property of plaintiff (if you do find such facts). The mere happening of an accident is not proof of negligence and does not in and of itself entitle the plaintiff to recover."

We will consider this instruction, numbered two, and the modification of instruction numbered one, set out above, together. Their effect when read together is to tell the jury that they could not presume, which means find, negligence on the part of appellee from the mere fact that he had allowed gasoline to pour out, or escape from the tank which he intended to install. The fair intendment of instruction No. 2 is that mere proof that appellee spilled gasoline on the floor would not support a finding of negligence. Whether spilling the gas and not removing it was negligence, was a question which should not have been withdrawn from the jury. If this was negligence, the concurring negligence of another, if there was concurring negligence, would not have operated to excuse both, but would rather have had the effect of rendering both liable. The existence of negligence would depend upon the finding whether appellee should have anticipated the probable consequence of spilling the gasoline and not removing it. It is familiar law that where the concurring negligence of two or more persons operates to cause an injury, all are liable, although the negligent act of no one of them alone would have caused the injury.

Now the instruction, numbered two, read in connection with instruction No. 1, as modified, eliminates any question of liability for concurring negligence by requiring the finding that the gasoline was ignited through the negligence of defendant—appellee.

It cannot be said as a matter of law that appellee was guilty of no negligence contributing to the damage. Whether he was guilty of any negligence contributing to the injury was a question of fact which should not have been withdrawn from the jury.

It was held in the case of *Taggert* v. *Scott,* 193 Ark. 930, 104 S. W. 2d 816, that one is not liable for a result which could not by the exercise of ordinary care have been foreseen or anticipated. But the converse of the proposition is equally true. One is liable for a result which, in the exercise of ordinary care, would have been foreseen and anticipated.

In 45 C. J. 935, Chapter—Negligence, the statement appears that "Where the intervening agency was of such a nature that it could not reasonably have been anticipated, such agency becomes the proximate cause, even though the injury would not have occurred except for the original negligence."

We think the record presents the question whether the damage should have reasonably been anticipated, and if so, a case was made for the jury.

Such is the effect of the opinion in the case of *Gibson* *Oil Co.* v. *Sherry,* 172 Ark. 947, 291 S. W. 66. There the owner of an automobile had his tank filled at a filling station with what was supposed to be gasoline. When it was discovered that the tank had not been filled with gasoline, the car was towed back to the filling station, and the filling station operator began draining off the fluid which contained enough gasoline to ignite. The tank was drained out on the floor, and its contents flowed on the floor into a gutter into the street about twenty feet away. The car owner knew they were draining the gasoline out of the tank of his car, but he did not know it would run out across the sidewalk into the gutter, and while the gasoline was being drained out of the tank, the car owner walked out on the sidewalk and lit his pipe with a match. He then threw the lighted match into the street, and it ignited the gasoline. The flames followed the track of the gasoline and destroyed the plaintiff's car. A judg-

ment was rendered for the value of the car, which was affirmed in the case cited.

It was there said that in view of the highly dangerous character of gas and its tendency to escape, a gas company must use a degree of care to prevent the escape proportionate to the dangers which it is its duty to avoid, and that if it fails to exercise this degree of care, and injury results therefrom, the company is liable, provided the person suffering the injury, either in person or in property, is free from contributory negligence. It was there said further'that "the defendant should have anticipated that someone passing by might' throw a lighted match into the gutter, which would ignite the vapor formed by the gasoline coming in contact with the air and thereby destroy the plaintiff's automobile. Thus it will be seen that the negligence of the defendant was the proximate cause of the destruction of the plaintiff's property."

So, here, we think there was a question for the jury, whether, under the circumstances stated, appellee should have anticipated that if he allowed the gasoline to spread out over the floor, and did not remove it, someone else might ignite it. In the case cited it was held that the owner's contributory negligence was also a question for the jury, and that question was submitted to the jury. Here there is no question of contributory negligence.

For the errors indicated, the judgment must be reversed, and it is so ordered.