ROBERT R. WALKER, INCORPORATED, V. RICHARD R.
BURGDORF AND KENOSHA AUTO TRANSPORT COMPANY.

No. A-3242.  Decided December 5, 1952.
Rehearing overruled January 9, 1952.
(244 S. W., 2d Series, 506.)

*Wheeler & Wheeler,* of Texarkana, for petitioner.

The Court of Civil Appeals erred in holding that the conduct of the employee of the Kenosha Auto Transport Company, Shaw, constituted a new, and independent cause of the damage complained of, breaking and superseding the casual relation between the negligence of Burgdorf and the damage complained of and relieved Burgdorf of liability for the negligence of his servants. And in its holding that Burgdorf must have reasonably anticipated a "deliberate" act of a third person intervening in order to be liable for the consequent damage from his own negligence. Atchison v. Texas & Pac. Ry Co., 143 Texas 466, 186 S.W. 2d 228; McAfee v. Travis Gas Corp., 137 Texas 314, 153 S.W. 2d 442; Texas & Pac. Ry. Co. v. Bigham, 90 Texas 223, 38 S.W. 162.

*Straburger, Price, Kelton, Miller and Martin and Royal H. Brin, Jr.,* all of Dallas, for respondent, Richard R. Burgdorf.

The conduct of the employee of the Kenosha Auto Transport Company, in throwing the match into the explosive mixture, was the sole proximate cause of the damage complained of, and the Court of Civil Appeals correctly reversed the trial court's judgment and rendered judgment in favor of the filling station owner as there was no negligence on his part or the part of his employees. Seale v. Gulf Coast & S. F. Ry. Co., 65 Texas 274; Reynold v. Galveston, H. & S. A. Ry. Co., 101 Texas 2, 102 S.W. 724, 130 Am. St. Rep., 799; Pasadena State Bank v. Isaac, 149 Texas 47, 228 S. W. 2d 127.

MR. JUSTICE SHARP delivered the opinion of the Court.

Robert R. Walker, Inc., brought this suit against Richard R. Burgdorf and the Kenosha Auto Transport Company for damages to its truck, trailer, and cargo, resulting from a fire at a filling station owned and operated by Richard R. Burgdorf,

alleged to have been caused by the negligence of the servants of each of the respondents. The case was tried by the court upon an agreed statement of facts, and judgment was rendered for Robert R. Walker, Inc., against Richard R. Burgdorf, for $1143.83, that Robert R. Walker, Inc., take nothing against Kenosha Auto Transport Company, and that Robert R. Walker, Inc., be denied recovery against either Richard R. Burgdorf or Kenosha Auto Transport Company for $118.83, expenses incurred by reason of the injuries. On appeal to the Court of Civil Appeals by Richard R. Burgdorf and Robert R. Walker, Inc., that court reversed and rendered the judgment allowing damages against Richard R. Burgdorf, and affirmed that portion of the judgment in favor of the Kenosha Auto Transport Company. 239 S. W. 2d 174.

Petitioner first contends that the Court of Civil Appeals erred in holding that the conduct of the employee of Kenosha Auto Transport Company was the sole proximate cause of the injuries comlained of. Richard R. Burgdorf contends that the Court of Civil Appeals correctly held: (1) That no conduct on the part of the employees of Richard R. Burgdorf proximately caused the injuries complained of, because of the new and intervening act of the employee of Kenosha Auto Transport Company; and (2) that the conduct of the employee of Kenosha Auto Transport Company was the sole cause of the injuries complained of. Kenosha Auto Transport Company contends that the Court of Civil Appeals correctly held that the conduct of the employee of Kenosha Auto Transport Company was not within the course of his employment, and that the said Kenosha Auto Transport Company therefore was not liable for the negligence of its employee.

The agreed statement of facts established that John Shaw, who was in the employ of the Kenosha Auto Transport Company on February 18, 1948, was operating a transport truck for that company, and that the route followed by Shaw required him to drive the transport truck through the City of Texarkana. On that date Shaw drove the truck into Two States Service Station No. 2, which service station was owned and operated by Richard Burgdorf. Shaw drove the truck into the outside drive of the service station for the purpose of having it refueled and serviced. After Shaw had driven his truck into the service station, and while the same was being refueled and serviced, a truck owned by Robert R. Walker, Inc., was driven into the inside drive of the service station by LeVoy Meredith, an employee and driver for Robert R. Walker, Inc. The Walker

truck was driven into the service station for the purpose of draining the left saddle gasoline tank, because water was believed to have accumulated therein. Shaw, the driver for Kenosha Auto Transport Company, after his truck had been refueled and serviced, signed a ticket and signed "out" at 3:00 o'clock P. M., and was prepared and ready to continue on his journed through Texarkana. At this time the attendants of Two States Service Station No. 2 were in the process of draining the gasoline and water from the tank of the truck of Robert R. Walker, Inc., by having first removed the plug from the bottom of said tank and allowing the gasoline and water to run out; and an attendant, Akin, was playing a stream of water from a near-by hose upon the gasoline and water mixture from said tank, and washing it toward the drain and sewer outlet in the gutter of the street. While the gasoline and water was thus draining, and a stream of water was being directed upon it as it drained, Shaw, the driver of the Kenosha Auto Transport Company truck, walked up to the scene to watch the procedure, and while standing there lighted a cigarette. He was immediately warned by LeVoy Meredith, driver of the Robert R. Walker, Inc., truck, to be careful about lighting matches around gasoline; whereupon Shaw laughed and said, "You know that gasoline and water will not burn"; and Shaw, simultaneously with making this statement, struck a match and deliberately threw the lighted match into the stream of gasoline and water, which mixture immediately ignited and burst into flames, causing the injuries complained of.

We will consider first the contention of Kenosha Auto Transport Company that the act of Shaw was not within the course of his employment, and not in furtherance of that company's business, and that the company was not liable for his negligence.

■ In order to fix liability upon Kenosha Auto Transport Company for the act of Shaw, the conclusion must be warranted from the evidence that his act was done in the prosecution or furtherance of the business of Kenosha Auto Transport Company. From the agreed statement it is quite clear that Shaw had stepped aside from his duties for Kenosha Auto Transport Company, and the act which caused the injuries was something wholly disconnected from his employment, and certainly not for the benefit of Kenosha Auto Transport Company, his employer. When he turned aside from the prosecution of his duties for Kenosha Auto Transport Company, although for only a short time, he ceased to act for his employer, and the responsi-

bility for any act done by him during that time rested upon him alone. In this instance Shaw went entirely out of the scope of his employment, and when he threw the lighted match into the mixed gasoline and water, whether out of curiosity or for any other reason, he did so solely on his own initiative, and consequently Kenosha Auto Transport Company was not chargeable with liability for any injuries resulting from such act. Galveston, H. & S. A. Ry. Co. v. Currie, 100 Texas 136, 96 S. W. 1073, 10 L. R. A. (N. S.) 367; Branch v. International & G. N. Ry. Co., 92 Texas 288, 47 S.W. 974; Grubb v. Galveston. H. & S. A. Ry. Co., Tex. Civ. App., 153 S. W. 694, writ refused; Rodgers v. Tobias, Tex. Civ. App., 225 S. W. 804, writ refused; Bresnan v. Republic Supply Co., Tex. Citv. App., 63 S. W. 2d 1105, writ refused. The Court of Civil Appeals correctly decided that Kenosha Auto Transport Company was not liable for the negligence of its employee, Shaw.

Robert R. Walker, Inc., contends substantially that the Court of Civil Appeals erred in holding: (1) That the conduct of Shaw, the employee of Kenosha Auto Transport Company, was the sole proximate cause of the injuries complained of; (2) that Richard R. Burgdorf could not have reasonably anticipated an act would occur sufficient to set fire to the gasoline exposed to spark and flame by his own negligence; and (3) that the acts of Richard R. Burgdorf and his employees, together with the act of Shaw, the employee of Kenosha Auto Transport Company, were not concurring causes of the injuries complained of, and a proximate cause thereof. There are other assignments, but when all the assignments are considered together they relate to the causal relation between the negligence of the employees of Richard R. Burgdorf and the employee of Kenosha Auto Transport Company and the injuries complained of, and they will be considered together.

■ The filling station where the injuries occurred is situated in the City of Texarkana. The evidence clearly shows that it is situated on a street of Texarkana, where cars and trucks drive in to be refueled and serviced with oil and gasoline. In the case of City of Fort Worth v. Gulf Refining Co. et al., 125 Texas 512, 83 S. W. 2d 610, it was said that "the filling station business is a hazardous one, requiring the utmost care in handling of oils and high explosives." See also Lombardo v. City of Dallas, 124 Texas 1, 73 S. W. 2d 475; Waters-Pierce' Oil Company v. Snell, 47 Tex. Civ. App. 413, 106 S. W. 170; Elkton Auto Sales Corp. v. State of Maryland, 4th Cir., 53 Fed. 2d 8.

This case is based upon either an instance of concurrent negligence, where the acts of the employees of Richard R. Burgdorf and the employee of Kenosha Auto Transport Company have concurred to produce the injuries for which both are responsible, or it is an instance where Richard R. Burgdorf's negligence is excused, due to the fact that Shaw's act was a new and independent cause. The facts here present a proper case for the application of the concept of concurrent negligence, and under this concept the determination of the trial court that the concurrent negligence was the proximate cause of the injury can be sustained even though the employees of Richard R. Burgdorf could not have reasonably anticipated and foreseen the act of Shaw.

The filling station in question was being operated in the City of Texarkana, and cars were being constantly driven in and out for service, while people were constantly passing, and that there was danger of gasoline becoming ignited from several sources was quite obvious. From those who handle explosives, combustible gases, gasoline, petroleum, electricity, and similar dangerous commodities, the law exacts a duty to protect the public which is proportionate to and commensurate with the dangers involved. The courts have considered and applied the rule of concurrent negligence in many cases. See McAfee v. Travis Gas Corp., 137 Texas 314, 153 S. W. 2d 442; Atchison v. Texas & Pacific Ry. Co., 143 Texas 466, 186 S. W. 2d 228; Texas Power & Light Co. v. Culwell, Tex. Com. App., 34 S. W. 2d 820; Texas Public Service Co. v. Armstrong, Tex. Civ. App., 37 S. W. 2d 294, writ refused; Gulf, C. & S. F. Ry. Co. v. Ballew et al., Tex. Com. App., 66 S. W. 2d 659. Also see the decisions of courts in other jurisdictions, as follows: Gibson Oil Co. v. Sherry, 172 Ark. 947, 291 S. W. 66; Swan v. Attaway, 211 Ark. 510, 201 S. W. 2d 27; Standard Oil Co. v. Evans, 154 Miss. 475, 122 So. 735; Prince v. Chehalis Savings and Loan Assn., 186 Wash. 372, 58 P. 2d 290, 61 Pac. 2d 1374; Fjellman v. Weller, 213 Minn. 457, 7 N. W. 2d 521; Standard Oil Co. of N. Y. v. R. L. Pitcher Co., 1st Cir., 289 Fed. 678; Brown v. Standard Oil Co., 2d Cir., 247 Fed. 303; 35 C. J. S., Explosives, p. 229, sec. 5(d).

In the case of McAfee v. Travis Gas Corp., 137 Texas 314, 153 S. W. 2d 442, this Court said: "We think it is the generally accepted rule as applied to torts that 'If the effects of the actor's negligent conduct actively and continuously operate to bring about harm to another, the fact that the active and substantially simultaneous operation of the effects of a third person's

innocent, tortious or criminal act is also a substantial factor in bringing about the harm does not protect the actor from liability.' Restatement of the Law of Torts, Vol. 2, p. 1184, sec. 439. Stated in another way, 'The intervention of an unforeseen and unexpected cause is not sufficient to relieve a wrongdoer from consequences of negligence, if such negligence directly and proximately co-operates with the independent cause in the resulting injury.' Texas Power & L. Co. v. Culwell, Tex. Com. App., 34 S. W. 2d 820; Texas Public Serv. Co. v. Armstrong, supra."

Where the facts show that the original act of negligence was superseded by a new and independent cause, courts have applied the rule of nonliability where the consequences of the new cause could not have been reasonably anticipated or foreseen. Texas & Pacific Ry Co. v. Bigham, 90 Texas 223, 38 S. W. 162; City of Dallas v. Maxwell, Tex. Com. App., 248 S. W. 667, 27 A.L.R. 927; Paris & Great Northern Ry. Co. et al. v. Stafford, Tex. Com. App., 53 S. W. 2d 1019; 30 Tex. Jur., p. 699, sec. 47. The Court of Civil Appeals based its holding in this case principally upon the decision in the Bigham case. In that case Bigham, the shipper, brought suit against the railway company to recover damages for personal injuries and for injuries to cattle belonging to him, resulting from a defective gate to a stock pen of the company. The negligence of the carrier in that case was in permitting the gate of a stock pen to remain out of repair for some time. Some cattle were penned in the stock pens provided by the carrier for that purpose. In order to prevent the escape of the cattle intended for shipment, the shipper was in the act of fastening the gate by means of a rope, when the noise of a passing freight train so frightened the cattle that they pluged towards the gate and upon it; and before the shipper could escape the cattle hurled him to the ground, and he became unconscious from the violence of the contact. But for the defective condition of the gate, the shipper would not have been injured and the cattle would not have escaped. In that case this Court held that Bigham could not recover on the facts for personal injuries, but that he could recover for injuries to his cattle. This holding was based upon the ground that Bigham could not recover for his personal injuries because the carrier should not be held responsible for the consequences of an act which ought not reasonably to have been foreseen; but as to the claim for injuries to the cattle, it was held that the petition presented a cause of action. This conclusion was based upon the grounds that it was the duty of the carrier to safely hold the cattle; that it held the cattle under a contract of transpor-

tation, and its liability as a common carrier had attached; and that the carrier ought reasonably to have foreseen that by reason of the defective gate the cattle might escape and be damaged. The facts of the Bigham case are different from the facts of this case, and the holding in that case is not controlling here.

■ In this case it is shown that the employees of Richard R. Burgdorf removed the plug from the tank and permitted the gasoline and water to run out, and that it was being washed toward the drain and sewer outlet in the gutter of the street; and while it was being washed toward the drain and sewer outlet, Shaw, the employee of Kenosha Auto Transport Company, threw a lighted match into the mixture, which caused the fire and injuries. This state of facts presents the issue of concurring negligence of the employees of Richard R. Burgdorf and of the employee of Kenosha Auto Transport Company, and the authorities support a recovery upon such concurring negligence.

In the case of Gulf, C. & S. F. Ry. Co. v. Ballew et al., Tex. Com. App., 66 S. W. 2d 659, the authorities supporting the two rules above described are reviewed and distinguished. In the opinion it is said:

"When the new cause or agency concurs with the continuing and co-operating original negligence in working the injury, the original negligence remains a proximate cause of the injury, and the fact that the new concurring cause or agency may not in such case have been reasonably foreseeable should not relieve the wrongdoer of liability. That such fact does not so relieve him is held in Texas Power & Light Company v. Culwell, and Texas Public Service Company v. Armstrong, supra, and by the following other authorities: Sandel v. State, 115 S. C. 168, 104 S. E. 567, 13 A. L. R. 1268; Mahoney v. Bateman, 110 Conn. 184, 147 A. 762, 66 A. L. R. 1121."

The trial court found that the negligence of Shaw concurred with the negligence of the employees of Richard R. Burgdorf to cause the injuries complained of, and in view of the degree of care owed by the filling station to the public and to those who patronize same, it cannot be said, as a matter of law, that the negligence of the employees of Richard R. Burgdorf was not a proximate cause of petitioner's injuries. The Court of Civil Appeals erred in holding that such negligence was not the proximate cause of the injuries.

■ The trial court and the Court of Civil Appeals held that Robert R. Walker, Inc., was not entitled to recover the amount of $118.83 expenses incurred for picking up the tractor and the trailer on account of the injuries, and this Court would not be justified in holding, as a matter of law, that such item of expenses should be recovered.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

Opinion delivered December 5, 1951.

Rehearing overruled Jan. 9, 1952.