Ernest Karg, Respondent, *v.* Seventy-ninth Street Garage Corporation, Appellant.

(Supreme Court, Appellate Term, Second Department, December, 1917.)

Negligence — who liable for — master and servant — motor vehicles — Code of Ordinances of City of New York, § 157.

Under section 157 of the Code of Ordinances of the City of New York it is the duty of a garage keeper to extinguish the lights on a motor vehicle before delivering gasoline into its tank.

Plaintiff at night was riding his motorcycle, the lamps of which were lighted. When in the vicinity of defendant's garage the gasoline gave out. Plaintiff pushed the motorcycle by hand into the garage and ordered one gallon of gasoline. The gasoline tank on his vehicle held but one and one-half gallons. Neither the light on the front nor on the rear of the motorcycle was extinguished. The rear light was about twelve inches from the tank. The gasoline was pumped from a large tank through a hose into the tank of the motorcycle. Defendant's servant, controlling the supply of gasoline from a distance of sixteen feet, pumped the gasoline while plaintiff held the nozzle of the hose into the tank of his motor cycle. Instead of delivering one gallon as directed defendant's employee pumped two and as a result the tank of the motorcycle overflowed and the gasoline went in all directions. Some of it came in contact with the lamp on the rear of the motorcycle, the fumes became ignited and as a result of the explosion plaintiff's hands were burned. *Held,* that defendant's failure to comply with said section 157 of the Code of Ordinances furnished sufficient grounds for holding it liable for negligence in causing the explosion and justified a finding that plaintiff was free from contributory negligence and that a judgment in his favor should be affirmed.

Defendant appeals from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, fifth district, entered upon a verdict of a jury, and from an order denying its motion for a new trial.

Howard C. De Silva, for appellant.

George Meyer, for respondent.

CALLAGHAN, J.  This action was brought to recover damages for personal injuries alleged to have been suffered as a result of the defendant's negligence.  The facts are simple.  Defendant owned and controlled a garage on Seventy-ninth street, Brooklyn.  Plaintiff owned a motorcycle, equipped with oil burning lamps. On the night in question, he was riding the motorcycle, the lamps of which were lighted.  When in the vicinity of defendant's garage the gasoline gave out.  Plaintiff pushed the motorcycle by hand into the garage and ordered one gallon of gasoline.  The gasoline tank on the vehicle held but one and a half gallons.  Neither the light on the front nor rear of the motorcycle was extinguished.  The rear light was about twelve inches from the tank.  The gasoline was supplied from a large tank, and was pumped therefrom, through a hose, into the tank of the motorcycle.  Defendant's servant, controlling the supply of gasoline from a distance of sixteen feet, pumped the gasoline, while the plaintiff held the nozzle of the hose into the tank of the motorcycle. Instead of delivering one gallon of gasoline as directed, defendant's employee pumped two gallons, and as a result the tank of the motorcycle overflowed.  The gasoline went in all directions.  Some of it came in contact with the lamp on the rear of the vehicle, the fumes became ignited and there was a violent explosion, resulting in severe burns to plaintiff's hands.

The answer was amended upon the trial to allege negligence, based upon a violation of section 157 of the Code of Ordinances of the City of New York.  The question of defendant's negligence and plaintiff's freedom from contributory negligence can be determined

from that ordinance. If the duty of extinguishing the lights was placed upon the owner of the motorcycle, it is manifest that there can be no recovery in this action. If, on the other hand, the ordinance placed the responsibility upon the defendant to see that all lights were extinguished before gasoline was delivered to motor vehicles, then there is sufficient evidence to sustain the finding of the jury that the defendant was negligent, and that the plaintiff was free from contributory negligence. That ordinance is as follows:

" Section 157. Supplying Vehicles: I. Method.— No person shall deliver volatile inflammable oil from a storage tank to a motor vehicle, except by means of an approved portable tank or directly through the outlet of the drawing-off pipe by means of an authorized hose attachment. All lights on motor vehicles except electric lights shall be extinguished before volatile inflammable oil is delivered to fuel tanks."

A reading of this ordinance, in connection with the title of the chapter in which it is found, leads one inevitably to the conclusion that the ordinance intended to place upon the garage keeper the duty of extinguishing the lights before delivering the gasoline into the tank of the motor vehicle. The title of the ordinance indicates that it was enacted to regulate the use of " explosives and hazardous trades." It can hardly be argued that the ordinance attempted to regulate the use of gasoline in a motorcycle as a hazardous trade, particularly as article II of the ordinance refers to " garages," while section 157 (the one in question) is entitled " Supplying vehicles," and reads in part as follows: " No person shall deliver," meaning, apparently, in view of the fact that it is only the seller, the garage keeper, who delivers the gasoline, that he is the one, the seller, to whom the ordinance refers. " Deliver " could hardly refer, by any stretch of

imagination, to the motorcyclist. The ordinance directs that all lights of motor vehicles shall be extinguished before gasoline is delivered. It was, no doubt, the intention of the makers of this ordinance that it should refer to the person who makes the delivery of the gasoline. The simplest rule of syntax seems to me to require that the last part of the section be construed as referring to the person who is charged with some duty, *i. e.*, the delivery of " volatile inflammable oil," as set out in the first part of the section.

The ordinance, therefore, placed the responsibility of extinguishing the lights, before gasoline was delivered to a motor vehicle, upon the garage keeper, and the failure of this defendant to comply with that ordinance furnishes sufficient grounds for holding it liable for negligence causing the explosion, and, as a consequence, justifies a finding that the plaintiff was free from negligence which contributed toward the accident. It follows, therefore, that the judgment should be affirmed, with costs. .

CLARK and BENEDICT, JJ., concur.

Judgment affirmed, with costs.