TORRENCE E. BACON, APPELLEE, V. A. B. A. INDEPENDENT OIL & GASOLINE COMPANY ET AL., APPELLANTS.

FILED MARCH 22, 1924.    No. 22740.

1. Explosives: PROBABLE CAUSE. When gasoline, while being pumped into a motorcycle tank, is ignited, and the evidence shows but one potential or probable cause therefor, the jury are warranted in finding that the gasoline was ignited by such potential or probable cause.

2. ———: CARE REQUIRED IN HANDLING. One who operates at night a gasoline filling station, adjacent to a public highway, is chargeable with knowledge that patrons, driving into the station at night with motor vehicles, are required to have them

equipped with lighted lamps, and owes a duty to his patrons to exercise reasonable care to ascertain whether the lamps on the vehicle are of such a character and in such close proximity to the gas tank on the motor vehicle as to be liable to ignite the gasoline while being pumped into the tank, and thereby cause injury to the patron.

3. Appeal: REVIEW. This court cannot consider alleged misconduct of the jury when the evidence relating thereto is not contained in the bill of exceptions.

APPEAL from the district court for Lancaster county: FREDERICK E. SHEPHERD, JUDGE. *Affirmed.*

*R. F. Stout,* for appellants.

*Wilmer B. Comstock, contra.*

Heard before MORRISSEY, C. J., ROSE, DAY and GOOD, JJ., REDICK, District Judge.

GOOD, J.

This is an action to recover damages for personal injuries resulting from alleged negligence of defendant. Plaintiff recovered a judgment, and defendant has appealed.

The record discloses, without substantial dispute, the following pertinent facts: Defendant operates a gasoline filling station in the city of Lincoln, Nebraska. Plaintiff owned a motorcycle, equipped with a presto lamp and propelled by a gasoline engine, which he had owned for about two months at the time of the injuries complained of. About 8:30 at night plaintiff rode his motorcycle into defendant's filling station and stopped adjacent to one of the gasoline pumps, and removed the cap from the gasoline tank on his motorcycle, preparatory to being supplied with gasoline. The presto lamp on the front of the vehicle was lighted. This was the first occasion on which plaintiff had had his motorcycle tank filled with gasoline at night, and he testified that he did not know that it was dangerous to fill the tank, with the presto light burning. Defendant's servant came out of the office, and neither

looked to see whether the light on the vehicle was burning nor made any inquiries concerning it, but asked plaintiff how much gasoline he wanted. On being informed of the amount desired, he took the hose that is used to convey gasoline from the pump to the vehicle tank and either placed the nozzle in the intake or handed it to plaintiff to place therein. Defendant's servant then began pumping the gasoline into the motorcycle tank, and almost · immediately a flame came from the gas tank of the motorcycle, and plaintiff was severely burned and thereby received the injuries complained of in this action.

The negligence complained of is that defendant knew the danger incident to filling the tank on the motorcycle with gasoline while the lights were burning, and · knew, or by the exercise of due care should have known, that the light on plaintiff's motorcycle was burning, and that the gasoline was likely to become ignited from said light and thereby injure the plaintiff. Defendant denied any negligence, and alleged contributory negligence on the part of plaintiff. The defendant alleges error in the admission of testimony; that the verdict is not sustained by the evidence; and misconduct of the jury.

A witness was produced, who had had considerable experience in working in and about gasoline filling stations, who was permitted to testify that he knew that it was dangerous to fill a motorcycle tank with gasoline while the presto light thereon was burning. The witness was evidently familiar with gasoline and its volatile and inflammable qualities and knew that it was dangerous to have a flame in close proximity thereto. We perceive no error in the admission of this testimony.

Defendant argues that there is no evidence to show that the gasoline was ignited by the flame from the motorcycle lamp and that the jury were left to conjecture as to the cause of the gasoline becoming ignited. The evidence does not disclose the exact distance that the presto lamp was from the intake of the gas tank on the motorcycle, but there is sufficient evidence to indicate that it could not have been

more than two feet.   No other cause for, or source of, igni-
tion  than the presto lamp was shown to exist.

"When a cause is shown which might produce an acci-
dent in a certain way, and an accident happens in that man-
ner, it is a warrantable presumption, in the absence of
showing of other cause, that the one known was the opera-
tive agency in bringing about the result." *Brownfield v.
Chicago, R. I. & P. R. Co.,* 107 Ia. 254, 258. See *Settle v. St.
Louis & S. F. R. Co.,* 127 Mo. 336; *Riley v. Cudahy Packing
Co.,* 82 Neb. 319; *Gould v. Merrill Railway & Lighting Co.,*
139 Wis. 433.   In the instant case the evidence discloses
that the burning light was a potential and probable cause
of the ignition of the gasoline.   No other potential or prob-
able cause was shown.   It is not necessary that the evi-
dence exclude every possible cause of the fire.   The jury
were not left to conjecture, but were permitted to and did
draw a warranted inference from the facts proved, viz.,
that the lighted presto lamp set fire to the gasoline.

Defendant earnestly urges that it was in no way remiss
in any duty or obligation to the plaintiff, and was, there-
fore, not guilty of actionable negligence.   The court can-
not adopt this view.   The defendant was operating a gaso-
line filling station for its own profit.   It was dealing in a
volatile and inflammable commodity.   It knew, or should
have known, that it was dangerous to pump gasoline into
a tank in close proximity to a burning gas lamp.   It was
also chargeable with knowledge that every operator of a
motor vehicle is required to have it equipped with lamps
and to have them lighted when driving on the highway at
night.   Defendant's filling station was immediately ad-
jacent to the highway.   It knew, or should have known,
that every patron driving into its filling station at night
would have the lamps on his vehicle lighted.   It is a mat-
ter of common knowledge that many of the motor vehicles
are equipped with presto lamps.   Defendant must have
known of this fact.   One operating a gasoline filling sta-
tion, to which all persons, with every character of motor
vehicle, are invited to come and be supplied with gasoline,

owes a duty to exercise ordinary care to prevent injury to his patrons while being served. It was defendant's duty to exercise reasonable care·to prevent an explosion or ignition of gasoline when delivering to its patrons. Knowing that the motor vehicle is equipped at night with burning. lights, it was its duty not to pour or pump the gasoline into the tank in such close proximity to a burning gas light as to render an explosion or ignition of the gasoline probable. The evidence discloses that the defendant took no precaution to see that no burning lamp was near at the time it was delivering the gasoline to the plaintiff. We think the facts disclosed were sufficient to warrant the jury in finding that the defendant was negligent.

The question. of whether the plaintiff was guilty of contributory negligence was one of fact for the jury, and, upon the facts disclosed, we are unable to say that their finding is not supported by the evidence.

Misconduct of the jury is assigned as error. This presents a question of fact. The evidence upon this question is not preserved in the bill of exceptions and cannot, therefore be considered.

No reversible error is apparent, and the judgment is

AFFIRMED.