GUST *v.* MUSKEGON CO-OPERATIVE OIL CO.

1. EVIDENCE—EXPLOSIVES—OPEN LIGHT NEAR GASOLINE RECOGNIZED AS DANGEROUS.

It must be recognized as a matter of common knowledge that an open light should not be allowed where gasoline is being used.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE TO HAVE OPEN LIGHT NEAR GASOLINE.

Where plaintiff while riding in the front seat of an automobile placed a lighted lantern at her feet and allowed it to remain there while gasoline was being supplied by defendant to the car through an opening inside the wind shield and directly in front of her, she was guilty of contributory negligence, as a matter of law, precluding her recovery for personal injuries caused by the ignition of gasoline spilled on her clothing when defendant's agent withdrew the hose from said opening.

Error to Muskegon; Vanderwerp (John), J.   Sub-

mitted January 16, 1924.   (Docket No. 71.)   De-
cided April 10, 1924.

Case by Eva Gust against the Muskegon Co-opera-
tive Oil Company for personal injuries.   Judgment
for defendant on a directed verdict.   Plaintiff brings
error.   Affirmed.

*F. E. Wetmore,* for appellant.

*Cross, Foote & Sessions,* for appellee.

SHARPE, J.   On a dark, cold, rainy night in Novem-
ber, 1920, plaintiff was riding in the front seat of a
Maxwell automobile with one Earl Corey.   She had,
before starting, placed a lighted lantern at her feet.
They stopped at a filling station operated by the de-
fendant in the city of Muskegon, to procure gasoline.
The opening in the car for filling was inside the wind
shield and directly in front of where plaintiff sat.
When the hose was being removed, some of the gas-
oline ran on to plaintiff's clothing and became ignited.
She was severely burned, and sues to recover damages
therefor.   At the close of the proofs, the trial court,
on motion of defendant, directed a verdict in its favor.
Plaintiff reviews the judgment entered thereon by writ
of error.

In directing a verdict the court said:

"It is clear to me, as a matter of law, that under all
the circumstances, going to a filling station for gasoline
to be put into the car with a lighted lantern in it, is
a case of contributory negligence, she sitting there
in the car and knowing it was being done, and the
man in charge of the car knowing it and asking for
gasoline.   That being true, even though defendant's
agent was negligent, and even if he knew the lighted
lantern was in the car, she can't be absolved from
negligence just because defendant's agent was guilty of
negligence, and under these circumstances, as a matter

of law, this plaintiff cannot recover in this case, and your verdict must be not guilty."

It is plaintiff's claim that the gasoline was spilled over her clothing through the negligence of defendant's employee, and also that he knew the lighted lantern was in the car. The man with whom she was riding testified that he "knew it was dangerous to have a light around where there was gasoline." The plaintiff was not asked as to her knowledge, but it must be assumed that she also knew it.

While there are different grades of gasoline, it is a well-known fact that all are highly inflammable and dangerous liquids. The danger arises, not from a blaze being communicated directly to the gasoline, as in that case it will simply burn as long as the gasoline lasts, but in the blaze coming in contact with the vapor of the gasoline when mixed with a proper proportion of the oxygen in the air. We think it must be recognized as a matter of common knowledge that an open light should not be allowed where gasoline is being used. While the danger is less in the open air, where the currents are likely to dispel the vapor, than in a closed room, there is always great danger when such vapor, mixed with the air, may reach a light or other means of ignition.

The top of the pipe in which the gasoline was being poured into the tank was very close to the knees of the plaintiff as she sat in the car, and the flame in the lantern which sat at her feet was not far distant from it. The danger was so apparent that we cannot but conclude, as did the trial court, that she should be charged with knowledge of it. To hold otherwise would simply put a premium on carelessness in the handling of this dangerous liquid.

The defendant had caused signs to be placed on each side of the outside of the building, reading: "Keep all lights and fires away; shut off your engine; put

out your lights." There were electric lights around the filling station. Driving up to this station, and permitting gasoline to be put in the tank in the car in such close proximity to the lighted lantern at plaintiff's feet, was, we think, such an act of negligence on the part of the driver and herself as precludes her recovery. No question of gross or after discovered negligence is presented. The case of *Grigsby & Co.* v. *Bratton,* 128 Tenn. 597 (163 S. W. 804), is instructive.

The judgment is affirmed.

CLARK, C. J., and BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred. McDONALD, J., did not sit.