STANDARD OIL CO. OF KENTUCKY *v.* EVANS.

(Division B. June 3, 1929.)

[122 So. 735. No. 26960.]

476

*J. M. Thomas,* of Tupelo, for appellant.

*Geo. T. Mitchell,* of Tupelo, for appellee.

ANDERSON, J., delivered the opinion of the court.

The appellee brought this action in the circuit court of Lee county against appellant to recover damages for the burning of his Ford car and contents, as well as injuries to his person, caused by the alleged negligence of appellant in overflowing his car with gasoline during the process of filling the tank to the car, which overflow gasoline ignited, resulting in the injuries sued for. There was a trial, resulting in a verdict and judgment for appellee in the sum of seven hundred fifty dollars, from which judgment appellant prosecutes this appeal.

The evidence tended to make the following case for appellee: On a Saturday night in October, 1926, about 7:30 o'clock, appellee entered a filling station owned and operated by appellant in the city of Tupelo, for the purpose of having the tank to his Ford car, which he was driving, filled with gasoline. Appellee was starting on a fishing trip. He had in his car a cot and some quilts and fishing tackle. Mr. Burton was the agent in charge of appellant's filling station. Burton asked appellee what he wanted, to which question the appellee replied, "Well, fill her up." The gasoline tank was controlled by a lever for the purpose of starting and stopping the flow of gasoline. Appellee remained in his car while Burton started the flow of gasoline into the tank; Burton then

left appellee's car for the purpose of waiting on another customer. Luther May, a negro, was standing nearby, and discovered that the gasoline was overflowing appellee's car, and turned it off. Gasoline had overflowed appellee's car to such an extent that it had run out on his feet. Burton returned to appellee's car and apologized for the occurrence, stating that he could not help it. Thereupon appellee drove out of appellant's filling station, and went to a nearby Ford garage for the purpose of getting some one to clean his car of the overflow gasoline. He found no one at the Ford garage, and returned to appellant's filling station and requested Burton to wash his car and store it for him, as he did not want to drive it in that condition. Burton replied, "I won't do a damn thing." Appellee then left the appellant's filling station in his car, and had driven about one hundred sixty feet when the overflow gasoline in his car ignited. Appellee turned in the fire alarm, to which there was a response, but before the fire was extinguished, the car and its contents were badly burned, and before getting out of the car, appellee was burned about his ankles. Appellee did nothing to cause the ignition of gasoline; the evidence tended to show that the ignition was caused by a hot pipe in the car. The damage to appellee's car and its contents was something like four hundred dollars, and in addition he suffered from the burns about his ankles.

Appellant assigns and argues as error the action of the court in refusing to direct a verdict in its favor. Appellant's position is that, although conceding that it was guilty of negligence in overflowing the appellee's car with gasoline, such negligence was not the proximate cause of the injury complained of, and furthermore, that appellee assumed the risk of injury in driving the car in that condition. Gasoline is a very dangerous agency. It is highly combustible. The overflowing of appellee's

480

car with gasoline was undoubtedly a negligent act on the part of appellant. Whether such negligence was the proximate cause of the injuries which resulted depends on whether appellant should reasonably have foreseen that some injury might result therefrom, not the particular one that did follow. Appellant was charged with the knowledge that gasoline is highly inflammable, and that persons in and around automobiles striking matches for the purpose of lighting cigars, pipes, or cigarettes may cause it to ignite, and, in addition, that parts of an automobile sometimes become so heated from use as to ignite inflammable substances in or about the car and burn it in whole or in part. We do not think, therefore, that it would be a straining of the principle of proximate cause to hold that appellant should have reasonably foreseen that the overflow of gasoline in appellee's car might become ignited in some manner, resulting in injury to appellee and damage to his car. And that being true, appellee did not assume the risk of appellant's negligence. The doctrine of assumption of risk has no application to a case of this kind. The appellee may have been guilty of contributory negligence in driving the car in the condition in which he found it, but that would not defeat his right to recover for the negligence of appellant; it would only go to mitigation of damages.

Appellant complains of the action of the court in giving the following instruction for the appellee: ''The court charges the jury that if you believe from a preponderance of the evidence in this case that an employee of defendant company negligently caused the tank of plaintiff's automobile to overflow with gasoline and as a proximate result thereof said exposed gasoline became ignited by reason of which plaintiff suffered damages, then you will find your verdict for plaintiff.''

The criticism of the instruction is that it assumed that the overflowing of the tank with gasoline was the proxi-

mate cause of the injury. We do not so understand the instruction. We think by the instruction the jury was plainly informed that in order to justify a verdict for the appellee the preponderance of the evidence had to show that appellant negligently caused the overflow of gasoline in the car, and that, as a proximate result thereof, the injury complained of followed. The instruction embodied the correct principles of law applicable to the case.

It is argued by appellant that the verdict is excessive, and that the judgment should be reversed on that account. The damage done to appellee's car and its contents was between four and five hundred dollars. In addition he was burned about the ankles, and suffered physically and mentally therefrom. We do not think the verdict was excessive. It cannot be said that the award by the jury of from three to four hundred dollars as damages for appellee's physical and mental suffering, in addition to the money damages shown by the evidence, was so arbitrary and unreasonable as to evince passion or prejudice on the part of the jury in rendering their verdict.

*Affirmed.*