## GUS NICK v. STANDARD OIL COMPANY OF INDIANA AND ANOTHER.[1]

June 26, 1931.

No. 28,430.

[1]Reported in 237 N. W. 607.

Reed & Bergerud, for appellant.

Cobb, Hoke, Benson, Krause & Faegre and Tracy J. Peycke, for respondents.

DIBELL, J.

Action to recover damages for personal injuries sustained by the plaintiff through the negligence of the defendants. The court directed a verdict for the defendants at the close of the testimony, and the plaintiff appeals from an order denying his motion for a new trial.

The defendant oil company has filling stations in Minneapolis. On April 27, 1929, the defendant Brownell was in charge of one of them. The plaintiff operated a horse-drawn pop-corn wagon in which there were two gasolene burners. The wagon was inclosed. He stood in the center between the two ends. His standing place was lower than the floor of the wagon box. His corn-popper was in the rear. On the side at the center was a door with a window which slid down, through which he served customers. He used a gasolene burner in popping. Below was another burner used to heat water. Whether it was burning is not definitely shown. The complaint alleges that both burners were lighted. This is denied by the answer. It could be inferred that the lower burner was lighted, and perhaps that was the assumption at the trial.

On the date stated the plaintiff drove into the filling station of which the defendant Brownell had charge to have his gasolene tank

filled. The tank was situated below and in front and would hold about four gallons. He took off the cap and asked for two gallons of gasolene. Brownell used a pump and hose which was put into the opening at the top of the tank. While he was pumping, the plaintiff was looking into the tank, his eyes close to the opening, to see how it was filling. When it was as he terms it about "five fingers" from the top, he told Brownell there was enough. Brownell took out the hose. Either the tank overflowed or the gasolene was sprinkled about inside the wagon and upon the plaintiff. An explosion occurred and he was injured. The plaintiff claims that Brownell was negligent in allowing the gasolene to escape. The defendants deny this and claim that in any event the plaintiff is barred by his contributory negligence. The plaintiff says that the gasolene jet in the rear was lighted when he drove in and that it remained lighted. Brownell and another employe of the defendant say that it was not lighted. The burner below was not visible from the outside.

We must take the fact to be in accordance with the plaintiff's testimony. However strange it may seem that the plaintiff, who was well experienced, would drive into the filling station and take gasolene under such circumstances or that the defendants would furnish it, there is testimony to that effect. In any event, if the plaintiff's testimony is true, he and the defendants were engaged in filling the gasolene tank from the hose with a gas jet in open flame shortly distant. If this be so the plaintiff and the defendants were jointly negligent, and the plaintiff cannot recover. The result of the litigation is the same, though it might be put upon a different ground, if the explosion came from the burner below and out of sight.

One in charge of a filling station must appreciate dangers attendant upon the use of gasolene. He must be held to much care if he exercises his duty of using what we call ordinary care, for the degree of care has reference to real and apprehended dangers. Mingo v. Extrand, 180 Minn. 395, 230 N. W. 895, and cases cited. There is an adequate explanation of the cause of the explosion. It came

from the flame and the gasolene. It was to be anticipated if only one thought.

The cases vary greatly in their facts. None controlling the case before us is found. The plaintiff properly cites 'Bacon v. A. B. A. Independent O. & G. Co. 111 Neb. 830, 189 N. W. 143, 33 A. L. R. 769; also Fredericks v. Atlantic Ref. Co. 282 Pa. 8, 127 A. 615, 38 A. L. R. 666. In the latter case there was a defective cut-off next to the nozzle of the hose. Even if the plaintiff there was himself negligent, he was not bound to assume that the filling station furnishing such an appliance would be negligent. That case held too that it should not be held as a matter of law that the driver of a truck was negligent in having his tank filled, while two acetylene lights in front of the cab were burning and the upper half of the windshield was open. The plaintiff also cites Karg v. 79th Street Garage Corp. 102 Misc. 114, 168 N. Y. S. 164, where the court construed an ordinance as putting upon the filling station proprietor the duty of extinguishing lights.

The defendants cite with some confidence Gust v. Muskegon Co-op. Oil Co. 226 Mich. 532, 198 N. W. 175, 33 A. L. R. 772, and Grigsby & Co. v. Bratton, 128 Tenn. 597, 163 S. W. 804. The cases are collected in a note in 33 A. L. R. 772, 774, and in 2 Berry, Automobiles (6 ed.) §§ 1616-1617a; 3 Blashfield, Cyc. Auto. Law, p. 2796, § 130. There are still later ones which we do not stop to cite or discuss and which do not bear very much upon the facts before us.

We do not relax the rule as to the diligence required of those engaged in the operation of filling stations. They serve the public and deal with substances which demand much vigilance and care. They have or should have special knowledge. The cases refer often to the care which must be exercised by the filling station in seeing that the gasolene goes into the tank and does not overflow or go elsewhere. What we hold is that, taking the evidence favorable to the plaintiff, his driving into the station and leaving lighted his burner in the rear end of his inclosed pop-corn wagon and filling the tank as he did, watching the gasolene as it went in and noting its approach to the top, constituted negligence on his part barring

a recovery, though the defendants knew of the light in the rear and were negligent in allowing the gasolene to scatter or to overflow.

Order affirmed.

WILSON, C. J. took no part.

