MCCRORY *v.* HILL

No. 42278          April 9, 1962          139 So. 2d 667

*Crawley & Ford,* Kosciusko, for appellant.

680

*Crawley, Brooks & Guyton,* Kosciusko, for appellee.

McElroy, J.

This is an appeal from the Circuit Court of Attala County. Emmett McCrory, Jr., complainant-appellant, sued Thomas F. Hill, defendant-appellee, for damages caused by fire to articles of personal property of appellant in the automobile service station.

The appellant charges that on February 18, 1960, he was engaged in the operation and management of a Shell Oil Company Service Station that was located south of the municipal limits of the City of Kosciusko, Attala County, Mississippi at the intersection of the business route of State Highway No. 35 with the By-Pass of said highway. On said date, shortly after noon, the defendant, Thomas F. Hill, drove his Jaguar sports car into Mr. McCrory's service station and told Mr. McCrory that he was having car trouble and that he thought water was in his gasoline. Thereupon, Mr. Hill asked Mr. McCrory to drain his tank for him which Mr. McCrory refused to do because he did not know anything about a Jaguar automobile. Mr. Hill then told Mr. McCrory that he knew how to drain the tank and that he could do it himself if Mr. McCrory would let him use the grease rack. Mr. McCrory consented and after the Jaguar was put on the grease rack Mr. Hill got one George Ellis, a Negro service station attendant,

to assist him. Mr. Hill told George Ellis what to do and how to do it, and during the process of draining the raw gasoline out of the Jaguar's tank the gasoline ignited and set Mr. McCrory's service station and Mr. Hill's car on fire. Before the fire could be extinguished Mr. Hill's car was damaged to some extent and considerable damage was done to Mr. McCrory's service station as well as destroying a part of his inventory of tires and automobile accessories. Mr. McCrory's total loss, including loss of income as a result of his station being closed and labor in repairing the damage done by the fire, amounted to $902.36. Mr. McCrory requested Mr. Hill to pay for the damage which the fire had caused and Mr. Hill refused so to do.

Mr. Hill, the appellee-cross appellant, contends that he drove his automobile to appellant's service station, after having trouble with the operation thereof, and asked for assistance and service; that the appellant and his employee checked the automobile, and advised appellee there was water in the gasoline and that the tank would have to be drained, and fresh gas put in; that the appellee requested appellant to do so; that the car was pushed to the grease rack, where it was lifted by appellant's employee, who proceeded to drain the tank; that the entire operation was under the exclusive control and direction of the appellant; that the employee negligently spilled some gasoline on the floor and exposed the open gasoline to fire; that without warning the gasoline suddenly caught fire, severely damaging the appellee's automobile.

The case was tried before a jury. At the conclusion of the evidence of both parties, the trial judge sustained the motions of both parties for peremptory instructions of no liability. Judgment was accordingly entered dismissing the appellant's declaration and the appellee's counterclaim.

The appellant and appellee both assign as error the ruling of the trial judge in granting the peremptory instruction at the conclusion of the evidence. ▇▇ ▇ We are of the opinion that the court erred in sustaining these motions for peremptory instructions and that the case should go to the jury as to the negligence, if any, of the parties. ▇▇ ▇ We believe that it is a question of fact as to whether George Ellis at the time was the servant of the appellant or the appellee.

It was said in Standard Oil Co. of Ky. v. Evans, 154 Miss. 475, 122 So. 735; "Appellant assigns and argues as error the action of the court in refusing to direct a verdict in its favor. Appellant's position is that, although conceding that it was guilty of negligence in overflowing the appellee's car with gasoline, such negligence was not the proximate cause of the injury complained of, and furthermore, that appellee assumed the risk of injury in driving the car in that condition. Gasoline is a very dangerous agency. It is highly combustible. The overflowing of appellee's car with gasoline was undoubtedly a negligent act on the part of appellant. Whether such negligence was the proximate cause of the injuries which resulted depends on whether appellant should reasonably have foreseen that some injury might result therefrom, not the particular one that did follow. Appellant was charged with the knowledge that gasoline is highly inflammable, and that persons in and around automobiles striking matches for the purpose of lighting cigars, pipes, or cigarettes may cause it to ignite, and, in addition, that parts of an automobile sometimes become so heated from use as to ignite inflammable substances in or about the car and burn it in whole or in part. We do not think, therefore, that it would be a straining of the principle of proximate cause to hold that appellant should have reasonably foreseen that the overflow of gasoline in

appellee's car might become ignited in some manner, resulting in injury to appellee and damage to his car."

For the reasons shown above the case is reversed and remanded.

Reversed and remanded.

*McGehee, C. J.,* and *Ethridge, Gillespie,* and *Jones, JJ.,* concur.