444 P.2d 613

Saviniano **LOVATO** and Angelina Lovato, Plaintiffs-Appellants,

v.

**PLATEAU, INC.,** a New Mexico Corporation, Donald L. Salazar and Leroy Martinez, Defendants-Appellees.

No. 172.

Court of Appeals of New Mexico.
Aug. 9, 1968.

James C. Thompson, Espanola, Leon Karelitz, Las Vegas, Matias A. Zamora, Santa Fe, for appellants.

William W. Gilbert, White, Gilbert, Koch & Kelly, Santa Fe, Chacon & Melendez, Espanola, for appellees.

## OPINION

OMAN, Judge.

This is an appeal by plaintiffs from a judgment entered upon a directed verdict for defendants.

There are disputes in the evidence as to some of the issues, and particularly as to where and how the fire started which damaged plaintiffs' pickup truck and caused burns upon portions of plaintiffs' bodies. However, the law is well established in New Mexico that in considering a motion by defendant for a directed verdict the trial court must view plaintiffs' evidence in its most favorable aspect, indulging all reasonable inferences to be drawn therefrom and disregarding all unfavorable evidence and inferences. Bank of New Mexico v. Rice,

78 N.M. 170, 429 P.2d 368 (1967); Chandler v. Battenfield, 55 N.M. 361, 233 P.2d 1047 (1951); Nichols v. Texico Conf. Ass'n of Seventh Day Adv., 78 N.M. 787, 438 P.2d 531 (Ct.App.1968); Smith v. Loos, 78 N.M. 339, 431 P.2d 72 (Ct.App.1967).

By viewing the evidence in the light in which the trial court was obliged to view it, we are of the opinion that the trial judge properly directed the verdict. The evidence thus viewed shows that plaintiffs purchased a 1951 model pickup truck in 1964; this truck was in good condition on December 18, 1965; at about 4:00 p. m. on this date they and a third person were riding in the truck, and they drove into defendants' service station; it was a cold, cloudy day and had snowed the preceding night; the snow had been cleared from the station driveway, which was surfaced with asphalt, and from the paved apron or area next to the gasoline pumps; the station lights were burning at the time and caused a glimmering on the wet asphalt; plaintiffs turned off the motor, remained in the cab of the truck, and ordered a dollar and seventy-five cents worth of gasoline; the capacity of the gasoline tank on the truck was more than adequate to receive and hold the amount of gasoline ordered; this tank was located inside the cab of the truck and immediately behind the seat; it was filled through a spout extending from the tank out through the cab wall on the right side; defendant Martinez caused the amount of gasoline ordered to be pumped into the tank and then replaced the cap on the open end of the gas spout; the plaintiff, Saviniano Lovato, who was driving, then stepped on the starter and "heard kind of an explosion underneath, a swoosh sound, and * * * saw kind of a flash"; he opened the left door, told his wife the truck was on fire, and they got out through the left door; they went around the truck and saw fire on the driveway and some fire on the side of the truck in the area of the gasoline spout; they received burns as a result of their efforts in getting the passenger from the cab.

Other than by inference from the above recited facts, it is unknown what was burning, how the burning substance got upon the paved apron, how long it had been there, or what caused it to ignite. There is no evidence as to any notice to or knowledge on the part of anyone that any gasoline or other flammable substance had been spilled or otherwise caused to be present upon the apron or the driveway, or that any such substance was present, until after its ignition.

As above stated, all reasonable inferences from the evidence must be indulged in support of plaintiffs' case. However, an inference is more than a supposition or a conjecture. It is a logical deduction from facts which are proven, and guess work is not a substitute therefor. Gray v. E. J. Longyear Co., 78 N M. 161, 429 P.2d 359 (1967); Tapia v. Panhandle Steel Erectors Co., 78 N.M. 86, 428 P.2d 625 (1967); Bolt v. Davis, 70 N.M. 449, 374 P.2d 648 (1962); Gonzales v. Shoprite Foods, Inc., 69 N.M. 95, 364 P.2d 352 (1961); Stambaugh v. Hayes, 44 N.M. 443, 103 P.2d 640 (1940). See also Alspaugh v. Mountain States Mutual Casualty Co., 66 N.M. 126, 343 P.2d 697 (1959). A reasonable inference is a conclusion arrived at by a process of reasoning. This conclusion must be a rational and logical deduction from facts admitted or established by the evidence, when such facts are viewed in the light of common knowledge or common experience. Gray v. E. J. Longyear Co., supra; Bolt v. Davis, supra. If the facts admitted or established by the evidence are equally consistent with two hypotheses, then these facts tend to prove neither. Hughes v. Walker, 78 N.M. 63, 428 P.2d 37 (1967); Bolt v. Davis, supra; Stambaugh v. Hayes, supra; Wilson v. Derrickson, 54 Del. 199, 175 A.2d 400 (1961).

In the present case the following facts could logically lead to an inference that the burning substance was probably gasoline: the place where the fire occurred; the fact that gasoline was stored and dispensed through pumps in the immediate area; the fact that gasoline might have reached the apron surface from these pumps; the fact that vehicles such as plaintiffs', equipped

with gasoline tanks and gasoline burning engines from which gasoline might have reached the apron surface, were constantly being stopped upon this surface; and the manner in which the material was probably ignited and in which it burned.

However, as to the contention that defendants were responsible for the presence of this gasoline, we agree with the evaluation of the evidence in this regard by the trial court when he observed:

"He [Defendant Martinez] testified that he didn't remember that he had, he said he could have, but he doesn't remember that he had, so I don't think that you can presume from that evidence that he did in fact spill gasoline."

In fact, he repeatedly stated on direct and cross examination that he had no recollection or memory of spilling any gasoline, and that he saw no gasoline around the truck. When pressed on cross examination, he did state that the spilling of some gasoline could have happened. But other than this testimony as to a possibility, which is completely contrary to his memory and observations, there is nothing to even suggest any possible negligence on the part of defendants in causing the presence of gasoline on the apron or driveway. We do not consider this evidence sufficient upon which to base a reasonable inference of negligence.

■ Plaintiffs contend that the gasoline may have been there for some time, and, thus, constituted a "pool of danger." The difficulty with trying to reach this inference, as a reasonable conclusion, lies in the fact that there was no evidence of a pool of anything. There was a glimmering of light on the wet driveway, but it had snowed just the night before, was cold and cloudy, and the snow had been cleared and left the surface wet. Common experience tells us that at times gasoline is spilled by station attendants when filling the tanks on motor vehicles, but, other than the mere suggestion of this possibility referred to above, there is not the slightest evidence that this had occurred at defendants' sta-

tion. Common experience also tells us that at times people act negligently and thereby cause accidents. But negligence cannot properly be inferred from the mere happening of an accident. Gray v. E. J. Longyear Co., supra; De Baca v. Kahn, 49 N.M. 225, 161 P.2d 630 (1945); Wilson v. Derrickson, supra. The mere occurrence of a fire raises no inference of negligence. Gray v. E. J. Longyear Co., supra.

The principle of res ipsa loquitur was not raised and is not involved in this case.

Since there is no evidence as to how or when the gasoline got on the apron or driveway, the presence of gasoline thereon is just as consistent with an inference that it leaked from a vehicle, or was otherwise present by reason of the acts of someone unknown, as it is to infer that defendants were responsible for its presence. As above stated, two hypotheses equally consistent under the evidence tend to establish neither. Here we just have an absence of proof as to how the gasoline, assuming it was gasoline, happened to be present upon the station apron or driveway.

■ Plaintiffs argue that negligence might be inferred from the fact that the defendant station attendants were inside the station, where it was warm and where they were visiting with some friends when plaintiffs arrived, rather than being outside "continuously inspecting the premises of the station to prevent a pool of danger" from accumulating. This argument must fail because the evidence does not establish the presence of a "pool of danger," and further because a business host is not an insurer of the safety of his business invitees. He is not required to conduct a continuous inspection of his premises to prevent the development of a dangerous situation.

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it in-

volves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger."

Restatement (Second) of Torts § 343 (1966). Dempsey v. Alamo Hotels, Inc. 76 N.M. 712, 418 P.2d 58 (1966); Mozert v. Noeding, 76 N.M. 396, 415 P.2d 364 (1966). See also Barrans v. Hogan, 62 N.M. 79, 304 P.2d 880, 61 A.L.R.2d 1 (1956); De Baca v. Kahn, supra; Lewis v. Barber's Super Markets, Inc., 72 N.M. 402, 384 P.2d 470 (1963); Gonzales v. Shoprite Foods, Inc., supra; Kitts v. Shop Rite Foods, Inc., 64 N.M. 24, 323 P.2d 282 (1958).

We fully appreciate that different circumstances and conditions will alter the degree of care which the host or inviter, as a reasonably prudent man, must exercise to discover dangers and to keep the premises safe for the purposes for which his invitees are upon the premises. Dempsey v. Alamo Hotels, Inc., supra; De Baca v. Kahn, supra. We do not, however, find any case which goes so far as to require that a service station operator continuously inspect his premises to prevent against the possible development of a dangerous situation or condition.

The cases particularly relied upon by plaintiffs are Gibson Oil Co. v. Sherry, 172 Ark. 947, 291 S.W. 66 (1927); Smith v. Hensley, 354 S.W.2d 744, 98 A.L.R.2d 340 (Ky.App.1961); Standard Oil Co. of Kentucky v. Evans, 154 Miss. 475, 122 So. 735 (1929); Bacon v. A. B. A. Independent Oil & Gasoline Co., 111 Neb. 830, 198 N.W. 143, 33 A.L.R. 769 (1924); Morris v. Texas Co., 115 A. 643 (R.I.1922); Fredericks v. Atlantic Refining Co., 282 Pa. 8, 127 A. 615, 38 A.L.R. 666 (1925); Robert R. Walker, Inc. v. Burgdorf, 150 Tex. 603, 244 S.W.2d 506 (1951). In each of these cases it was clearly established either by direct evidence or reasonable inferences therefrom, that the defendants were responsible for the presence of the gasoline as well as other acts of negligence. Such is not our case. Here we have a completely unexplained fire.

We may, as already stated, reasonably infer that the burning substance was gasoline, and we may possibly infer that this gasoline was ignited in some way by the effort to start the motor in plaintiffs' pickup truck. But we may not speculate as to how or when the gasoline got upon the apron beneath the truck, or upon the driveway, and there is neither evidence nor permissible inference that defendants knew or in the exercise of reasonable care should have known of the presence of this gasoline or that defendants failed to exercise reasonable care in the circumstances. Demsey v. Alamo Hotels, Inc., supra; Barrans v. Hogan, supra.

The judgment should be affirmed. It is so ordered.

WOOD and ARMIJO, JJ., concur.