222 So.2d 378 (1969)
RIDGEWOOD LAND COMPANY and Area Residents, Henry E. Lampe, et al.
v.
Leroy MOORE and W.P. Garth.
No. 45343.
Supreme Court of Mississippi.
May 5, 1969.
Rehearing Denied May 26, 1969.
Waller, Pritchard & Fox, Barry H. Powell, Sullivan, Sullivan & Keyes, Jackson, for appellant.
Rice P. York, Jackson, for appellee.
ETHRIDGE, Chief Justice:
Leroy Moore and W.P. Garth, appellees, filed with the City Council of the City of Jackson a petition to rezone from Residential A-1 to Commercial a small tract of land located just inside the northern city limits. Ridgewood Land Company and others objected. The property sought to be rezoned consists of approximately 1.5 acres at the northeast corner of a 4.5-acre tract, bounded on the east by Ridgewood Road, on the north by undeveloped property, and on the south and west by White Oak Creek, and the remainder of the 4.5 acres owned by appellees. After a hearing, the City Planning Board recommended *379 to the City Council that the request for rezoning be denied.
A subsequent hearing before the City Council resulted in denial of the petition. Its order found that petitioners failed to meet the burden to show a public need for additional commercial zoning in the area. Approximately 210 feet north of the subject property is a commercially zoned tract of 20 acres owned by Ridgewood Land Company, which has not been developed except for a service station and a small store. The Council further found that petitioners failed to show errors in the original zoning or any material changes in the residential character of the neighborhood since the original zoning; that rezoning for commercial use would aggravate a traffic condition at the intersection of Ridgewood Road and Adkins Boulevard; that the 20-acre commercial tract is of sufficient size to take care of present commercial needs; and that commercial development of the subject land would render the surrounding, highly developed residential property less desirable for residential purposes and would greatly depreciate its value.
At the Council hearing, three qualified expert witnesses testified that appellee's land can be developed profitably for residential purposes. There was also evidence to support Council findings that there is no need for rezoning of any additional property as commercial, rezoning this tract to commercial would cause a substantial depreciation in the value of the surrounding residential area, and authorizing commercial development on the 1.5-acre tract would aggravate a traffic condition at the intersection. In short, there was substantial evidence to support the findings of the City Council.
However, the circuit court reversed the order of the Council and ordered that the property be rezoned for commercial use. It thought that one commercial firm should not be allowed to contest the petition of another commercial firm seeking to have property zoned for commercial purposes. The circuit court found that the best use of the property was commercial rather than residential, and this outweighed whatever slight effect it might have on residential values in the area. Moreover, the property is so low, the court said, that it could not be feasibly developed for residences.
If the City had made findings of fact in accord with the circuit court's opinion, there might be some merit in its conclusions. However, in examining a zoning order by a city council, the circuit court sits as an appellate court with a restricted scope of judicial review. The order of the city governing board is presumed to be valid. Those attacking it must show that it is arbitrary, capricious, discriminatory, or beyond the legal authority of the city board, or unsupported by substantial evidence. Ballard v. Smith, 234 Miss. 531, 107 So.2d 580, 75 A.L.R.2d 152 (1958); Holcomb v. City of Clarksdale, 217 Miss. 892, 65 So.2d 281 (1953). The reviewing court should not attempt to substitute its judgment for that of the municipal governing body. Martinson v. City of Jackson, 215 So.2d 414 (Miss. 1968); Fowler v. City of Hattiesburg, 196 So.2d 358 (Miss. 1967). Moreover, a change in zoning regulations involving a single or very few properties should be made only where new or additional facts materially affecting an area have intervened since adoption of the zoning ordinance. Martinson v. City of Jackson, supra; City of Jackson v. Bridges, 243 Miss. 646, 139 So.2d 660 (1962); Holcomb v. City of Clarksdale, supra.
The findings of the City Council were supported by substantial evidence. For that reason, the circuit court, sitting as an appellate court, erred in reversing the order of the City Council and directing rezoning of the property. Its judgment is reversed, and the order of the City Council, denying rezoning from Residential A-1 to Commercial, is reinstated and affirmed.
*380 Reversed, and judgment rendered here reinstating and affirming the order of the City Council of Jackson.
RODGERS, JONES, SMITH and ROBERTSON, JJ., concur.