252 So.2d 897 (1971)
CITY OF JACKSON et al.
v.
Walter Riley LEE, Jr.
No. 46308.
Supreme Court of Mississippi.
October 4, 1971.
John E. Stone, Val Surgis, W.T. Neely, E. Dale Ingels, III, Jackson, for appellants.
Harry L. Kelley, Jackson, for appellee.
ROBERTSON, Justice:
Appellee, Walter Riley Lee, Jr., secured a writ of prohibition from the Circuit Court of the First Judicial District of Hinds County, prohibiting the City of Jackson, Mississippi, from enforcing a municipal ordinance, which provided that:
"It shall be unlawful for any person to operate or ride upon any two-wheeled self-propelled vehicle upon any public street or highway within the City of Jackson, Mississippi without wearing a crash helmet."
The City of Jackson appealed, asserting that this ordinance was a reasonable traffic regulation that the City had a right to enact under Mississippi law. The City is correct.
Section 3374-129, Mississippi Code of 1942 Annotated (1956), provides, among other things:
"The governing authorities of municipalities shall have the power to exercise full jurisdiction in the matter of streets, sidewalks, sewers, and parks; * * *."
Section 8150, Mississippi Code of 1942 Annotated (1956), provides that the Uniform Highway Traffic Regulation Act (Sections 8126-8285, Mississippi Code of 1942 Annotated (1956):
"[S]hall be applicable and uniform throughout this State and in all political subdivisions and municipalities therein and no local authority shall enact or enforce any rule or regulation in conflict with the provisions of this Act unless expressly authorized herein. Local authorities may, however, adopt additional traffic regulations which are not in conflict with the provisions of this Act." (Emphasis added)
The ordinance here questioned is not in conflict with any provision of the Uniform Highway Traffic Regulation Act, but is merely an additional traffic regulation, which the statute specifically grants local authorities the right to enact. Although not exactly in point, Somerville v. Keeler, 165 Miss. 244, 145 So. 721 (1933), and Wasson v. City of Greenville, 123 Miss. 642, 86 So. 450 (1920), shed some light on this question.
*898 In Everhardt v. City of New Orleans, 253 La. 285, 217 So.2d 400 (1969), the Supreme Court of Louisiana had occasion to rule on the constitutionality of a similar ordinance passed by the City of New Orleans requiring all cyclists to wear protective helmets while operating motorcycles on the streets of the City. There, as here, the argument was made that the ordinance was unconstitutional in that it was an unreasonable limitation on the personal liberty of the individual motorcyclist and thus violated the equal protection clause.
The Louisiana Supreme Court, in deciding this case, first restated the long-established ground rules for determining the constitutionality of ordinances:
"In order to properly resolve this case we think it first necessary to consider the well recognized rule of law that an ordinance, like any act of the legislature, is presumed to be constitutional. As aptly observed by this court in Schwegmann Bros. v. Louisiana A.B.C. Board, 216 La. 148, 43 So.2d 248, `It is elementary that an act of the Legislature is presumed to be legal, and the judiciary is without right to declare it unconstitutional unless that is manifest. This rule is strictly observed in cases involving laws enacted in the exercise of the state's police power. * * *' * * * Furthermore, the legislation is to be upheld if any set of facts can be conceived from which it could be concluded that there is a reasonable relationship between the law and the public good and safety. * * * Consequently, the one who attacks the constitutionality of a statute has the burden of establishing by clear and cogent evidence that the statute under attack is unconstitutional." (Emphasis added) 217 So.2d at 401-402.
Mississippi has long followed this general rule. It was restated in 1969 in Ridgewood Land Company v. Moore, 222 So.2d 378, in this way:
"The order of the city governing board is presumed to be valid. Those attacking it must show that it is arbitrary, capricious, discriminatory, or beyond the legal authority of the city board, or unsupported by substantial evidence. Ballard v. Smith, 234 Miss. 531, 107 So.2d 580, 75 A.L.R.2d 152 (1958); Holcomb v. City of Clarksdale, 217 Miss. 892, 65 So.2d 281 (1953)." 222 So.2d at 379.
In Everhardt, the Louisiana Supreme Court in answering the main contention of the plaintiffs, said:
"The argument of counsel for plaintiffs that the ordinance violates the equal protection clause in that it singles out one portion of motor vehicle operators, is untenable. Counsel obviously fails to recognize that motorcycles are in a different category from other motor vehicles, constituting a greater traffic hazard on public streets than travel by automobile, truck or other enclosed vehicle, both in respect to the driver thereof as well as to operators of the other vehicles. The operator of a motorcycle has considerably less body protection than operators of enclosed vehicles and is more susceptible to be injured and cause other injuries. Thus, there is a reasonable basis for the requirement of headgear to motorcycle drivers as opposed to such requirements for automobile drivers or golf cart operators as contended by respondent." 217 So.2d at 403.
And:
"We have no hesitancy in concluding that Ordinance No. 3536 M.C.S., Sec. 39-288.1(c) is clearly within the police power of the city in regulating traffic on its streets and there is a reasonable relationship between the ordinance and the public good and safety. It promotes safety upon the streets and highways in the interest of the motorcyclist as well as all others who may use them, applying to all cyclists equally." 217 So.2d at 403.
The courts reached the same conclusion in City of Wichita v. White, 205 Kan. 408, 469 P.2d 287 (1970); Elliott v. City of *899 Oklahoma City, 471 P.2d 944 (Okl.Cr., 1970); and State of Washington v. Laitinen, 459 P.2d 789 (Wash., 1969).
This ordinance of the City of Jackson is a reasonable traffic regulation authorized by both Sections 3374-129 and 8150 supra.
The judgment of the circuit court making permanent the writ of prohibition is reversed, and the questioned ordinance is found to be legal, valid and enforceable.
Judgment reversed and order of the city council reinstated.
GILLESPIE, C.J., and JONES, PATTERSON and INZER, JJ., concur.