ROBERTSON, Justice:
The Circuit Court of Jackson County affirmed the action of the Mayor and Board of Aldermen of the City of Ocean Springs, Mississippi, in preliminarily approving the plat of the Carroll Ishee Subdivision. This subdivision is composed of four residential lots on the east side of Lovers Lane, a paved public street of the City of Ocean Springs.
The appellants, Maurice Taquino and others, property owners of Ocean Springs, did not appear before and object to the Mayor and Board of Aldermen, but did object on appeal to the circuit court.
The only error assigned on this appeal was that the circuit court erred in affirming the decision of the City of Ocean Springs approving the subdivision plat.
Section 1195, Mississippi Code of 1942 Annotated (Supp.1971), provides in part:
“Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors or of the municipal authorities; * * (Emphasis added.)
The only evidence, therefore, before the circuit court was the plat of the subdivision, the subdivision regulations adopted by the city under the provisions of Sections 2890.5, Mississippi Code of 1942 Annotated (Supp.1971), and 3374-123, Mississippi Code of 1942 Annotated (1956), and the judgment and decision of the Mayor and *855 Board of Aldermen. The subdivision regulations of the city included the following: .
“Variances. The planning Commission shall have the power to vary these regulations when it can be shown by the Subdivider that extraordinary hardships are brought about by strict compliance with these regulations so that substantial justice may be done and the public interest secured provided that such variations will not have the effect of reducing or nullifying the intent and purpose of the Comprehensive City Plan. Any variance granted or authorized by the Planning Commission must be entered in the minutes of the Planning Commission and the reasons and justifications set forth.”
The Ocean Springs City Planning Commission on January 27, 1970, wrote the Mayor and Board of Aldermen of the city as follows:
“After much discussion, and the Subdivision Application process being conformed to the Ocean Springs City Planning Commission approved the following motion:
“ ‘Although it does not meet Subdivision requirements, this unique situation suggests that the acceptance of this subdivision be left up to the City Council.’ ”
With this letter before them, the Mayor and Board of Aldermen unanimously passed ' the following Motion, as reflected in the official minutes of the city for January 27, 1970:
“Mayor read letter from the Planning Commission in regard to Carroll Ishee’s subdivision in Lovers Lane.
“Motion by Reynolds, seconded by Endt that the City of Ocean Springs do not require a SO' right of way in Lovers Lane by the Ishee subdivision because this is not economical or feasible. The construction of a road on the East side of Lovers Lane would not be possible due to the lowness. Also the City approve the application for this subdivision.”
The action of the City Governing Board is presumed to be valid. The appellants, in attacking that action, must show that it was arbitrary, capricious, discriminatory, or beyond the legal authority of the City Board, or unsupported by substantial evidence. See City of Jackson et al. v. Lee, Mississippi Supreme Court, October 4, 1971, 252 So.2d 897; Ridgewood Land Company v. Moore, 222 So.2d 378 (Miss. 1969).
None of the appellants appeared before the Mayor and Board of Aldermen to object to the plat. The only evidence before the City Council was the Carroll Ishee Subdivision plat and the letter of the Ocean Springs City Planning Commission which “passed the buck” to the City Council.
The action taken by the City Council reflects their familiarity with the property involved and the only issue before them was whether the land owner should be required to dedicate a portion of his property so as to allow the widening of Lovers Lane, an existing public street, to a width of 50 feet.
We find that the appellants did not meet the burden of proof resting squarely upon them. The action of the Mayor and Board of Aldermen in preliminarily approving the plat of the Carroll Ishee Subdivision was supported by substantial evidence, and was not arbitrary, capricious or discriminatory.
The judgment of the Circuit Court is, therefore, affirmed.
Affirmed.
GILLESPIE, C. J., and JONES, BRADY and INZER, JJ., concur.