SUGG, Justice:
Appellant was convicted in the Police Court of Jackson, Mississippi for violating an ordinance prohibiting the operation of a self-service auto fueling station, and on appeal his conviction was affirmed in both the County Court and the Circuit Court of the First Judicial District of Hinds County, Mississippi.
The ordinance provides in part the following :
“SECTION 1: A. PERSONNEL PERMITTED TO DISPENSE — No owner, operator, permittee or employee of any auto fueling station, auto liquefied flammable gas fueling station, aircraft fueling station, or marine service station, shall allow, sanction or permit the dispensing of motor fuel in or upon any such premises by any person, except by such owner, operator, permittee or competent person regularly employed in the operation of such station.
“B. VISIBLE TYPE — No person shall install, maintain or use any visible type dispensing apparatus, the bowl of which exceeds one quart capacity, in any building.
“C. AUTOMATIC DISPENSING DEVICES — The installation and use of coin-operated, card-operated, key-operated, and remote pre-set type dispensing devices for flammable or combustible liquids, is prohibited.”
Appellant admits the violation of the ordinance, but by his first assignment of error argues that the ordinance exceeds the police power granted by the State Constitution since it has no reasonable relationship to public health, safety, or welfare.
In the recent case of City of Jackson v. Lee, 252 So.2d 897 (Miss.1971) the constitutionality of a city ordinance requiring motorcyclists to wear crash helmets was upheld and in this case the Court stated:
“In order to properly resolve this case we think it first necessary to consider the well recognized rule of law that an ordinance, like any act of the legislature, is presumed to be constitutional. As aptly observed by this court in Schwegmann Bros. v. Louisiana Alcoholic Beverage Control Board, 216 La. 148, 43 So.2d 248, ‘It is elementary that an act of the Legislature is presumed to be legal, and the judiciary is without right to declare it unconstitutional unless that is manifest. This rule is strictly observed in cases involving laws enacted in the exercise of the state’s police power. * * * ’ * * * Furthermore, the legislation is to be upheld if any set of facts can be conceived from which it could be concluded that there is a reasonable relationship between the law and the public good and safety. * * * Consequently, the one who attacks the constitutionality of a statute has the burden of establishing by clear and cogent evidence that the statute under attack is unconstitutional.’’ (Emphasis added) [Everhardt v. City of New Orleans, 253 La. 285, 217 So.2d 400] 217 So.2d at 401-402.
(252 So.2d at 898).
In Reingold v. Harper, 6 N.J. 182, 78 A.2d 54 (1951) the Supreme Court of New Jersey upheld the constitutionality of a statute dealing with the operation of self-service retail gasoline filling stations. In passing on the police power of the legislature, the New Jersey Court stated:
[T]he police power also comprehends measures essential to the protection of the public health, safety and welfare. Gasoline is a highly inflammable and explosive substance; and because of the potential hazards to health and safety, the mode and manner of its use are subject to reasonable regulation under this branch of the police power. * * * *484 The protection of the public against the unskillful and negligent use of a dangerous instrument or commodity is a familiar exercise of the police power. (78 A. 2d 58.)
It is self evident that the flammable nature of gasoline vapor demands every practicable precaution against overflow during the fueling operation and the hazards of negligence and want of skill and understanding in the operative process.
As against the public’s interest in price economy, public security against the perils of explosions and fires in the use of gasoline prevails. The choice of policy was the Legislature’s. (78 A.2d 59.)
This Court held in Standard Oil Co. of Kentucky v. Evans, 154 Miss. 475, 122 So. 735 (1929), that gasoline is dangerous and highly combustible. There is no doubt that self-service increases the hazard of handling gasoline.
The ordinance is a valid and constitutional regulation of the management and conduct of fueling stations to safeguard persons and property against known perils of explosions and fires in the use 'of flammable substances. There is a reasonable relationship between the ordinance and the public good and safety, and the City of Jackson was authorized to enact it in the exercise of its police power.
By his second assignment of error, appellant argues that his constitutional rights of due process of law and equal protection of the laws as afforded under the Federal and State Constitutions were violated.
Appellant argues that the ordinance is constitutionally discriminatory because it places the operator of a self-service auto fueling station in a different class or category from the operator of the standard or conventional type of auto fueling station. But the question of proper classifications for various purposes of legislation has been upheld and in George Day, d/b/a George Day’s Studio v. Klein, 225 Miss.191, 82 So.2d 831 (1955) this Court stated:
Municipal corporations may make proper classifications of persons or things for various purposes of legislation. A municipal regulation in order to be valid, does not necessarily have to operate on all alike, provided it operates equally on each class embraced within its provisions. In order that it be unlawfully discriminatory, it must discriminate between persons in a like situation. (225 Miss. at 206, 82 So.2d at 837).
We hold that the ordinance does not constitute discrimination against self-service auto fueling station operators, but classifies them in a manner that is permitted by the Constitution so as to afford public security against the perils of explosions and fires in the use of gasoline and other flammable substances covered by the ordinance. The ordinance operates on all self-service fueling stations alike.
By his third assignment of error, appellant argues that the ordinance is prohibitory rather than regulatory and therefore violates the constitutional prohibition against the impairment of obligations of contract.
It is noted that the ordinance is prohibitory only to the extent that it prohibits self-service fueling stations, but does not prohibit operation of fueling stations when competent personnel performs the dangerous duty of dispensing a highly dangerous and combustible substance.
We are of the opinion that the ordinance meets all constitutional requirements and the case is therefore affirmed.
Affirmed.
GILLESPIE, C. J., and BRADY, PATTERSON and SMITH, JJ„ concur.